Martin, J.
delivered the opinion of the court. The question of fact appears to us to have been correctly decided in the parish court. The plaintiffs have clearly shewn, by the testimony of Dutillet, and that of M‘Clellan, that they sold one hundred barrels of flour to the defendant ; and that flour of the quality sold was then worth 13 dollars per barrel. The defendant, on recceiving the plaintiffs’ note, by the hands of Dutillet, in which 650 dollars were demanded, as a part of the price of the 400 *417 barrel's of flour sold, but not yet delivered, to have excused himself, and promised payment in the course of the week then following. This is clearly sufficient evidence, that a purchase of one hundred barrels of flour had taken place and the defendant drew from the witness, in the cross examination, the fact that M'Gowan, another clerk of the plaintiffs, who was out of the reach of the process of the court at the time of the trial, had made an entry of the sale, in the plaintiffs’ books. * Although the testimony shews a marked intention in the defendant, to avoid paying the plaintiffs, it does not appear, from any part of the record, that his counsel, in the parish court, complained ofan overcharge.
It is true, there is no evidence of the defendant having expressly agreed to pay 13 dollars per barrel, but it is shewn that this was the fair and current price. The defendant has not objected to evidence, of the current price being received, and it does not appear, that any question was raised in the parish court on this head.
According to the mode of practice, in courts of common law, the plaintiff who expects to avail himself, in case of his inability to prove the contract as it was really made, of the obligation which the law raises in the vendee, to pay *418 the fair price of the thing must have a count in his declaration, stating that the defendant promised to pay what the goods were worth, quantum valebant. In courts, in which the practice of the civil law prevails, the plaintiff does not produce his case in various forms, and evidence is admitted, when in supports the allegation in substance.
Here the petition states, that the defendant owes to the plaintiffs 1300 dollars, because they sold him 100 barrels of flour, at 13 dollars. Now, evidence that the defendant purchased from the plaintiffs 100 barrels of flour, which were really bona fide worth 13 dollars per barrel, substantially and perhaps literally, supports this allegation : if there be no evidence of a positive agreement at a specific price. If the defendant purchased flour, which was worth thirteen dollars per barrel, without any specific price being agreed upon, he impliedly purchased it at thirteen dollars.
That 1300 dollars were the amount of the flour, according to the intention of the parties, is corroborated by the circumstance, that part of the flour was to be paid in a few days, and the rest when it was taken away, in a few weeks ; and the defendant, when in a few days after, he was called on for 650 dollars, expressed no *419 dissatisfaction at the demand. On such a contract, the parts mentioned, not being defined, equal ones must be presumed to have been intended. If, therefore, the flour was sold at 13 dollars, the sum of 650 dollars claimed, as the first part of the amount, must be that which should be called for.
It is next objected, that the number of weeks, after which the last payment was to be made, is undefined—a few weeks. This mode of speaking is seldom used to denote a longer period than eight weeks, or fifty six days. The next period is usually described by the words sixty, ninety, or one hundred and twenty days—two, three, four or six months.
Upon the whole, we think, that the parish judge correctly decided the question of fact. But we think he erred in that of law.
We have in a case like this, a statute provision. Part. 5, 5, 24. When the vendee refuses to come and take away the goods, and the vendor has occasion for the vessels, in which they are contained, he has a right to hire others, and if none are to be had, after notice to the vendor, he may, after a reasonable time, let the liquor run in the street, or sell it to another.
Habiendo la dicha morao tardanza en el comprador, puede el vendedor vender las mercaderias *420 para sacar su pago del precio y cobrar lo (que se. perde de el en ellas, del comprador. Cur. Phil. Venta, 49, Cur. Phil. ill. Venta, 46.
So it is in England. In the case of Martin vs. Addock, 4 Esp. 251 lord Ellenborough decided that the vendor might recover the loss or difference of price arising on a resale, as well as damages for not taking away the goods, and that it was no objection to his recovery, on the general count for goods sold and delivered, that he had not the goods then ready to deliver.
Similar decisions have taken place, in New-York. Hermanes & al. vs. Yeomans, 5 Johnson, 406. Sands & al. vs. Taylor & al. id. 395.
The court there observed “ that after the defendants’ refusal, to come and take away the property (wheat) it was thrown on the plaintiffs’ hands, and they were, by necessity, made the defendants’ trustees to manage it ; and being thus constituted trustees or agents, for the defendants, they must either abandon the property to destruction, by refusing to have any concern with it, or take a course more for the advantage of the defendants, by selling it. There is a strong analogy between this case, and that of the assured in the case of abandonment. In both cases, the party, in possession, is to be considered as an agent of the *421 other party from necessity, and his exercise of the right to sell ought not to be viewed, as a waiver of his rights on the contract. This rule operates justly, as respects both parties : for the reason, which induced the one party to refuse the acceptance of the property, will induce the other to act fairly, and sell it to the best advantage. It is a much fitter rule, than to require it of the party, on whom the possession of the thing is thrown against his will, and contrary to the duty of the other party, to suffer the property to perish, as a condition on which his right to damages is to depend.
Where a merchant orders goods from abroad, and they do not correspond with the order, he sells them, as the agent, and for the account of the shipper.
The parish court thought that the plaintiffs, in the case under consideration, might have prayed for a sequestration of the property, and, on shewing it to be perishable, have obtained an order for the sale of it. In many cases, especially in that of an absent defendant, the delay and expences attending this mode of seeking relief would leave but little to satisfy the claim of the vendor. We are of opinion that the parish court erred.
It is, therefore, ordered, adjudged and de *422 creed, that its judged be annulled, avoided and reversed and that the plaintiffs recover from the defendant, the sum of $903 66, with costs in both courts.