It is not denied that the appellees are creditors of the firm; as such, they are entitled to be paid by preference, out of the partnership effects.  *Louisiana Code,* 2794.

The only question, therefore, is, whether the property attached belonged to the defendant individually, at the period of the plaintiffs' attachment.   The appellees contend that it did not, because the partners could not, by any act of theirs, destroy or impair the rights of the creditors of the firm on its effects, and that, if the property passed at all to the defendant, it passed with the burthen which they knew incumbered it.   10 *Louisiana Reports,* 348.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.

---

## WILSON ET AL. *vs.* SMTIH.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The attaching creditor will have a preference over the consignee, who claims the property in payment of a debt due by the consignor, when the attachment is levied before delivery to and possession by the consignee.

Where cotton is shipped to a consignee who is a creditor, without privilege, the property of the cotton still remains in the consignor until delivery to the consignee.

It is delivery only, in a contract of sale, which transfers the property ; so, also, in a *datien en paiement.*

A delegation of the proceeds of sales of certain cotton for the discharge of a debt, cannot place the delegated creditor in a better situation than an actual purchase, accompanied by payment of the price, or *a datien en paiement;* neither of which can avail against an attaching creditor, when there has been no delivery.

But where A consigns property to B to sell, and pay C, and C accepts the delegation, the consignor can make no other disposition of it.

Eastern Dist. The possession of the master of the boat or vessel is that of the consignor ;
June, 1838.    and when the consignee has made no advance on the property, and hav
              ing neither possession nor a privilege under the code, the attaching
WILSON ET AL.  creditor will take it in preference.
    vs.
  SMITH.
              This case commenced by attachment.  The plaintiff, J.
J. Wilson, alleges, that the defendant is indebted to him in
the sum of one thousand and fifty-seven dollars and forty-five
cents, according to account and notes annexed, for which he
prays judgment, and that a writ of attachment issue.  The
plaintiff, Wilson, and the defendant, both reside in Missis-
sippi.  The attachment was levied the 7th June, 1836, on
thirty bales of cotton, shipped to Bogart & Hoopes, who
bonded the cotton.

Bogart & Hoopes intervened, and alleged, that the
cotton under seizure was the property of Dulany & Turnbull,
of Mississippi, who were indebted to them in the sum of
five thousand two hundred dollars, and consigned the cotton
in question to them, to be sold, and the proceeds applied to
the payment of said debt.  They pray that they be recog-
nized as privileged creditors, having a privilege on the cotton
attached, and that they have judgment for the sum claimed,
with eight per cent. interest, according to the laws of
Mississippi.

The intervenors annexed a draft for the amount of their
debt, drawn by Dulany & Turnbull, in favor of Wilson,
the defendant, on Lambeth & Thompson, who declined its
acceptance.  The draft is endorsed by Wilson, the payee, in
blank, and payable the 15th January, 1836.

Wilson, by his attorney, pleaded a general denial, and
denied that he had any interest in the cotton attached, and
prays to be dismissed.

The intervenors, in an amended petition, allege, that the
property attached belongs to the defendant, and that, being
in possession, they are entitled to a lien or privilege thereon,
it having been shipped to them for the partial payment of a
debt, which said Smith was bound in solido with Dulany &
Turnbull, on the draft annexed to their original petition.

Upon these pleadings and issues the case was tried.

The question of fact at issue, was, to whom did the cotton attached, belong? The evidence showed, that it was shipped in Mississippi, by a commercial house there, as agents, and the bill of lading filled up to Messrs. Bogart & Hoopes, New-Orleans. These agents endorsed at the foot of the bill as follows:

"Messrs. Bogart & Hoopes:

"You will please receive the above bill of lading for cotton and await the order of J. W. N. A. Smith. Yours, etc."

This bill of lading came to the possession of the plaintiff, who levied his attachment on the cotton on board the boat, before the intervenors got possession of it.

It appeared from the evidence, that Smith had business transactions with Dulany & Turnbull; that he had given a cotton note on Long & Cole, for ninety bales of cotton, and in return received their draft on Lambeth & Thompson for five thousand two hundred dollars, which he had sent to Bogart & Hoopes, but which was never accepted or paid.

The district judge came to the conclusion, that the cotton attached, was the property of Smith, and liable to the plaintiff's attachment. Judgment was rendered in favor of the plaintiff, and dismissing the petition of the intervenors, at their costs. They appealed.

*Strawbridge*, for the plaintiff, contended, that the evidence showed beyond all doubt, that the property attached was Smith's, and was liable to the attachment. It would have been liable in Smith's hands, and was liable while in possession of the master of the boat and before delivery, and before disposal of it by the intervenors, by having it in his store, or in a public warehouse, etc.

2. The intervenors have shown no advances made by them on the cotton. The most they have shown is, that they hold a draft, drawn by Dulany & Turnbull on Lambeth & Thompson, in favor of Smith, and by him endorsed to them, at a time when he was not the owner of the cotton. There is nothing in all this to give them a privilege on the cotton for *advances, etc. Louisiana Code, article* 3214.

48     VOL. XII.

*J. Slidell,* for the intervenors and appellants, contended, that on the supposition that the cotton in question was the property of the defendant, Smith, it was sent by him to the intervenors for the purpose of being sold, and the proceeds applied to the payment of a debt to them.

2. The cotton was shipped to the intervenors, but the plaintiff got the bill of lading, either by purloining it or being confided to him, who held it until he levied his attachment. This cannot avail him, and he cannot be benefited or permitted to take advantage of his own wrong or tort. The legal possession of the cotton must therefore be considered in the intervenors, who were in fact holders of the bill of lading, with instructions to sell the cotton, etc. This brings the case within the principles already settled by this court. See 12 *Martin,* 702. 4 *Martin, N. S.,* 66.

3. Smith had lost all control over the cotton, and could not change its destination, and it was not liable to be taken by his creditors. 9 *Martin,* 303. 7 *Martin, N. S.,* 137. 3 *Louisiana Reports,* 562. 4 *Ibid.,* 36.

4. The case of Baldwin against Bracy, 1 Louisiana Reports, 358, referred to and relied on by the court below, differs from this in the important particular, that, *there* the property attached was still under the entire control of the owner, who could have changed its destination : *Here,* it must be considered to have been in the possession of the intervenors, under the bill of lading, when the attachment was levied, and Smith himself could not have recalled the authority to sell and apply the proceeds to the claim of the intervenors.

5. There was clearly a delegation of the proceeds of the cotton to pay Smith's debt to the intervenors. This delegation, if made in favor of any third person by the consignor, and accepted by the consignees, (Bogart & Hoopes,) would have been valid and not revocable. See the case of *Bonilla, syndic* vs. *Merle,* 9 *Louisiana Reports,* 221.

*Elwyn,* for the defendant.

*Martin, J.,* delivered the opinion of the court.

Bogart and Hoopes are appellants from a judgment which rejects their claim (as intervening parties) to a quantity of cotton, attached by the plaintiff, as the property of the defendant.

EASTERN DIST.
June, 1838.

WILSON ET AL.
*vs.*
SMITH.

Their counsel has contended, that as they were in possession of the cotton, with authority to sell and apply the proceeds of it to the payment of a debt of the defendant, he could not revoke the authority, nor exercise any control over it ; and, consequently, it was not liable to be attached for his debt ; there was clearly a delegation of the proceeds of the cotton for the discharge of his debt to the intervenors ; this delegation, if made in favor of any other person, by the defendant, the consignor, and accepted by the intervenors, would have been a valid and irrevocable delegation ; here the delegation of payment was in their favor, and they could not be deprived of the advantage of it.

*The attaching creditor will have a preference over the consignee, who claims the property in payment of a debt due by the consignor, when the attachment is levied before delivery to, and possession by the consignee.*

The facts of the case are these : the defendant held a note of Long & Cole, for ninety bales of cotton, which he exchanged with Dulany & Turnbull, for a draft on Lambeth & Thompson ; the note, however, was re-delivered to the defendant, who remitted the draft to the intervenors, in discharge of a debt which he owed them, and the draft was dishonored. Part of the cotton was afterwards received by the defendant, and consigned to the intervenors.

*Where cotton is shipped to a consignee who is a creditor, without privilege, the property of the cotton still remains in the consignor, until delivery to the consignee.*

They being creditors of both, the defendant and Dulany & Turnbull, as endorsers and drawers of the draft on Lambeth & Thompson, claim the cotton as the property of the drawers, and afterwards as that of the defendant, the endorser.

*It is delivery only, in a contract of sale, which transfers the property : so, also in a datien en paiement.*

It appears to us, the district judge did not err. The cotton was clearly the property of the defendant, not of Dulany & Turnbull. The intervenors were his consignees ; the cotton was still on board of the boat when attached, and they had made no advances thereon, and, therefore, could not claim any privilege under the Louisiana Code, article 3214. The property of the cotton was still in the defendant. He could have validly disposed of it by sale, before it was attached; even if he had sold it to the intervenors it could have been

neither of which can avail against an attaching creditor when there has been no delivery.

But where A consigns property to B, to sell and pay C, and C accepts the delegation, the consignor can make no other disposition of it.

The possession of the master of the boat or vessel, is that of the consignor; and when the consignee has made no advance on the property, and having neither possession, nor a privilege under the code, the attaching creditor will take it in preference.

attached by any of his creditors before delivery. In the case of Durnford vs. Brooks, syndic, 3 *Martin*, 222, this court held, that "delivery only, in a contract of sale, transfers property; so in *datien en paiement*." A delegation of the proceeds of the cotton for the discharge of a debt, cannot place the intervenors in a better situation than an actual purchaser, accompanied by payment of the price as a *datien en paiement*, neither of which can avail against an attaching creditor, when there has been no delivery.

In the case of Armor vs. Cockburn, on which the intervenors rely, the possession of the goods had passed from Cockburn, the debtor, to Mason, who had undertaken to sell and pay the proceeds of them to Banks, Miller & Kincaid ; Cockburn, *the former owner of the cotton, could not have compelled Mason to make any disposition of the cotton to the injury of Banks, Miller & Kincaid, who had accepted Mason's promise to pay the proceeds to them, and had the right to compel him to perform his promise.* In the present case, the defendant was still the owner of the cotton. The possession of the master of the boat was that of the defendant, the consignor ; the intervenors, the consignees, have no privilege on the cotton, because they had made no advances thereon ; the intervenors having neither possession nor privilege, the plaintiff had a right to attach.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.