MICHEL GONTIER *v.* PIERRE FREDERIC THOMAS.

Art. 2456 of the Civil Code, which declares that, " where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and, with respect to third persons, the parties must produce proof, that they are acting in good faith, and establish the reality of the sale," recognizes the validity of the sales of moveables against third persons, where the seller retains possession by a precarious title. To give effect to this article, and to the provisions of arts. 1917 and 2243 of the same Code, the cases put in art. 2456, must be considered as exceptions to the rule laid down in arts. 1917 and 2243.

APPEAL from the City Court of New Orleans, *Duvigneaud,* J.

SIMON, J. The evidence shows that, on the 23d of January, 1841, the plaintiff purchased of one Boiteux, a shoemaker's shop, (*fond de boutique de cordonnier,*) for the sum of one hundred and fifty dollars, in cash. On the 19th of March, following, Pierre Frederic Thomas obtained a judgment aginst Boiteux, for the sum of four hundred dollars, on which an execution was issued, which was levied upon the aforesaid establishment ; whereupon the plaintiff obtained an injunction to prevent the sale thereof, praying that the defendants might be ordered to discontinue the seizure of the property, and that Thomas might be condemned to pay him three hundred dollars damages.

The defendant pleaded the general issue, and further alleged, that the sale relied on by the plaintiff was not made *bona fide,* but is simulated and fraudulent, and was made after the institution of his, Thomas', suit against Boiteux.

Judgment was rendered below in favor of the defendant, annul-

ling the sale made by Boiteux to the plaintiff, dissolving the injunction, and condemning the plaintiff and his surety on the injunction bond, to pay *in solido* to the defendant, Thomas, twenty-five dollars special damages, and twenty per cent. on the amount of the judgment enjoined. From this judgment, the plaintiff has appealed.

The evidence further shows, that the sale from Boiteux to the plaintiff was really made on the day which it purports. Three witnesses were present, and saw the money counted by the plaintiff. One of them testifies, that Gontier agreed to give Boiteux thirty dollars a month, to continue to work in the shop ; and that the latter was compelled to sell his shop for the purpose of paying for a month's rent, which he owed, and for several of the articles by him sold to Boiteux. It appears, moreover, by the testimony of the owner of the house in which the shop is kept, that the house was leased to the plaintiff on the 21st January, 1841. The testimony of several other witnesses proves, that Gontier is a goldsmith by trade, lends money on pawn, and does all he can to make money ; that his industry is not limited to his goldsmith's trade ; that about the time of the sale and afterwards, he purchased leather from several persons ; that he paid for it, and also paid for some leather which had been sold to Boiteux. It is also in evidence that, for two years past, Boiteux has not worked much for his own account, and that he worked for a German. One of the witnesses says, that he had shoes made in that shop since the sale, and that he has always considered Gontier, as the owner of the establishment.

On the other hand, it has been shown, that Boiteux's sign remained on the door of the shop, until March, 1841 ; that Boiteux was in the shop at work when the notice of judgment was served upon him ; that he was seen there acting as owner until the time of the seizure ; and that the shop was estimated as being worth between $500 and $550. The seizure took place about three months after the sale.

The question which grows out of the above facts is, whether a sufficient delivery of the objects sold has been made by Boiteux to the plaintiff, so as to avoid their being seized by the vendor's creditors, and whether the plaintiff has produced sufficient proof

that the sale was a real and *bona fide* one. Under art. 1917, of the Civil Code, it is provided, that " if personal property be transferred by contract, but not delivered, it is liable in the hands of the obligor to seizure and attachment, in behalf of his creditors." See also, art. 2243. Art. 2456, informs us, that " in all cases where the thing sold remains in the possession of the seller, because he retains possession by a precarious title, there is reason to presume, that the sale is simulated, and, with respect to third persons, the parties must produce proof, that they are acting in good faith, and establish the reality of the sale." This is the purport of the decisions relied on by the appellee's counsel. 6 Mart. 418. 4 La. 340. 12 La. 375. And 7 Mart. N. S. 675, in which latter case, it was held, that art. 2456, recognizes the validity of sales of moveables against third persons, when the seller retains possession by a precarious title, and that to give effect to the two provisions, we must consider the cases put in the article last cited, as exceptions to the rule contained in the two preceding ones. We do not feel disposed to change this construction, which appears to us to be a sound one ; and under its application, we cannot hesitate to decide, that if the plaintiff has brought himself within the meaning of art. 2456, his sale must prevail.

Now, with the facts and circumstances disclosed by the evidence, it seems to us, that the plaintiff has satisfactorily established the reality of his sale ; and that, if any fraudulent intention can be attributed to the vendor, the vendee does not appear to have participated in it. It is true, that he is a goldsmith by trade, and a pawn-broker, and it is also true, that Boiteux continued to work in the shop ; but these circumstances are sufficiently explained by the facts, that the plaintiff employed Boiteux at the rate of thirty dollars a month, for his services, and that his industry not being limited to his goldsmith's trade, it was proper, and even necessary for him to employ a good workman, known as such ; and it is not astonishing, that Boiteux's sign should have been preserved on the door of the shop. The transaction took place about two months previous to the judgment obtained by Thomas ; the price of the purchase was paid in the presence of three witnesses ; the object of the sale has been sufficiently accounted for ; the house in which

the shop is kept, was leased by the plaintiff about the time of the sale ; the leather used in the shop was subsequently purchased, and paid for by him ; the value of the contents of the shop had been very much augmented during the period that elapsed between the sale and the seizure : and we cannot believe, that the plaintiff would have taken upon himself to incur the responsibility of the rent of the house, to disburse his money in order to supply the shop with the necessary materials, and to run the risk of losing his advances, if he had not really been the owner of the establishment. The agreement which took place between the parties immediately after the sale, shows that Boiteux retained possession of the shop by a precarious title ; but this fact, sustained and corroborated by all the other circumstances which followed the transaction, is, in our opinion, equivalent to a legal and sufficient delivery.

With this view of the case, the judgment appealed from must be reversed, and ours must be in favor of the plaintiff, with a reservation of his right, if any he has, to sue the defendants for the damages which he may have experienced in consequence of the seizure complained of.

It is therefore ordered, that the judgment of the City Court be annulled, and reversed ; that ours be in favor of the plaintiff ; that the injunction obtained by him be made perpetual, reserving to said plaintiff his action, if any he have, against the defendants for such damages as he may have suffered in consequence of the seizure of his property ; and that the defendant, Thomas, pay the costs in both courts.

*Budd* and *Rousseau*, for the plaintiff.

*De Courmont*, for the appellant.