## JAMES McCLOSKEY *v.* THE CENTRAL BANK OF ALABAMA.

Where the entire furniture of a dwelling was sold but not delivered, and the key of the building was not given up to the vendee, or any equivalent act done—*Held:* That there was no constructive delivery, although the policy of insurance on the furniture was transferred.

The consent to transfer vests the property in the obligee; yet this effect is strictly confined to the parties until actual delivery of the object. If the vendor, being in possession, should by a second contract transfer the property to another person who gets the possession before the first obligee (purchaser), the last transferee is considered as the proprietor, provided the contract be made on his part *bona fide* and without notice of the former contract. In like manner if personal property be transferred by contract, but not delivered, it is liable in the hands of the obligor (vendor) to seizure and attachment in behalf of his creditors. C. C. 1914, 1915, 1916, 1917.

Sales or charges of personal property *are void* against *bona fide* purchasers and *creditors*, unless possession is given before such *bona fide* purchaser or creditor acquire his right to possession. What is delivery of possession depends on the nature of the property; it may be constructive or actual; the delivery of the key of the store in which it is contained; or an order accepted by the person in whose custody it is held, if at the order of the vendor, is good evidence of delivery. C. C. 2243.

The tradition or delivery is the transferring of the thing sold into the power and possession of the buyer. The tradition or delivery of movable effects takes place either by the real tradition or by the delivery of the keys of the building in which they are kept, or even by bare consent of the parties if the things cannot be transported at the time of sale, or if the purchaser had them already in his possesion under another title. C. C. 2452, 2453.

In all cases where the thing sold remains in the possession of the seller because he has reserved the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons the parties must produce proof that they are acting in good faith, and establish the reality of the sale. C. C. 2456. This article is exceptional to articles 1917 and 2243.

That possession is called precarious, which one enjoys by the leave of another and during his pleasure. C. C. 3522, No. 27. The title which excludes the ownership, such as a lease, is also called PRE-CARIOUS. Other definitions of *precarious title* will be found in this decision from various authorities).

The sum of damages for the wrongful suing out of an injunction must be ascertained by the amount enjoined, and when that amount does not appear of record, none will be allowed on appeal, but reserved to the party enjoined.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *C. A. Taylor*, for plaintiff. *T. J. & A. G. Semmes*, for defendants and appellants.

MERRICK, C. J. This suit was commenced by injunction. It presents one of those frequently recurring questions in regard to the delivery of movables. The facts shown by the record are these: *William E. Starke*, the owner of a house in this city, finding himself in embarrassed circumstances, advertised his property for sale, and proposed a transfer of it to his creditors. If his proposition should not be accepted, he informed them he should make a surrender by a certain day. The plaintiff, among others, was desirous of purchasing the furniture in the house, and consulted a lawyer to know whether he could do so in safety. He was informed

by his advocate that he might purchase, provided it was done in good faith, and he obtained a delivery of the goods. Thereupon, it seems he bought the furniture in the house for the sum of $5,000, which was receipted for on the 17th day of May, 1860, and he also took a transfer of the policy of insurance upon the same on the 28th day of the same month. It seems, promissory notes were given for the price of the furniture, but their delivery is not proved, but may be inferred from the declarations of the parties, which must be considered as in evidence, notwithstanding defendant's bill of exception; because the latter does not state the particular grounds of objection to the testimony.

*Starke* continued in the possession of the house and furniture up to the date of its seizure by the Sheriff under the *fi. fa.* at the suit of defendant, the Central Bank of Alabama.

The District Judge was of the opinion that the sale was *bona fide,* and that there was a constructive delivery, and relying on Art. 2456 C. C., he made the injunction perpetual. The Central Bank of Alabama appeals.

The District Judge at the commencement of the suit ordered the plaintiff, *McCloskey,* to give a bond for the injunction in the sum of $6,000, but we find no evidence in the record showing the precise amount of the execution injoined.

On the the facts of the case, we are unable to concur with our learned brother of the District Court in his conclusion that there was a constructive delivery. The key of the building was not given up, and there was no equivalent act. The policy of insurance had nothing to do with the title to or possession of the property. It was entirely collateral to the title and possession, and might exist or not without any influence on either, although an interest in the property insured is essential to the validity of the policy.

The following articles of the Civil Code have a bearing on the question to be decided, viz :

" Art. 1916. With respect to personal effects, although by the rule referred to in the last two preceding articles, the consent to transfer vests the property in the obligee," (purchaser) " yet this effect is strictly confined to the parties until actual delivery of the object. If the vendor being in possession should by a second contract transfer the property to another person, who gets the possession before the first obligee," (purchaser) " the last transferee is considered as the proprietor, provided the contract be made on his part *bona fide* and without notice of the former contract."

" Art. 1917. In like manner, if personal property be transferred by contract, but not delivered, it is liable in the hands of the obligor " (vendor) " to seizure and attachment in behalf of his creditors."

" Art. 2243. Sales or exchanges of personal property *are void* against *bona fide* purchasers and *creditors,* unless possession is given before such *bona fide* purchaser or creditor acquires his right by possession. What is a delivery of possession, depends on the nature of the property ; it may be constructive or actual ; the delivery of the key of a store in which it is contained ; or an order accepted by the person in whose custody it is held, if at the order of the vendor, is good evidence of delivery."

" Art. 2452. The tradition or delivery is the transferring of the thing sold into the power and possession of the buyer."

" Art. 2453. The tradition or delivery of movable effects takes place either by the real tradition or by the delivery of the keys of the buildings in which they are kept, or even by bare consent of the parties if the things cannot be transported at

McCLOSKEY
v.
CENTRAL BANK.

the time of sale, or if the purchaser had them already in his possession under another title."

" Art. 2456. In all cases where the thing sold remains in the possession of the seller because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith and establish the reality of the sale."

By recurring to articles 1917 and 2243, above recited, it will appear manifest that the seizure of the defendant must prevail over the plaintiff's contract of sale unaccompanied by delivery, unless the latter is aided by the last article cited, viz., 2456.

In the cases of *Williams* v. *Franklin,* 7 N. S. 675, and *Gautier* v. *Thomas,* 4 Rob. 435, the last named article was held to be exceptional to articles 1917 and 2243, and we do not see very well how the articles in question can be construed · without adopting this construction.

. The only question, then, remaining to be considered, is, whether the facts bring the plaintiff within the exception. We have said that the furniture was not delivered into the power and possession of the plaintiff, either actually or constructively. The furniture in the different rooms of the house was susceptible of transportation, and the keys of the building, as we have already said, were not delivered, and the furniture was not removed.

To hold that the *bona fides* of the purchaser without delivery was equivalent to a delivery itself, would be to deprive articles 1917 and 2243 of all force; for the articles in question evidently refer to sales in good faith as well as all others, and delivery is made essential to the transfer of title as to creditors and third persons.

In order, therefore, to avoid the virtual repeal of articles 1917 and 2243 of the Code by article 2456, it is necessary to take the distinction contended for by defendant's counsel, viz., that the latter article applies only to cases where the vendor retains possession under *a title,* that is, some contract, such as usufruct or lease, giving the vendor a *right temporarily* to detain the property, and that a mere neglect to deliver on the part of vendor, or to take possession on the part of the vendee, is not the case contemplated by the article, although the vendor's *possession* may be said, in some respects, to be precarious.

This distinction between precarious *possession* and precarious *title,* is recognized by No. 27 of Art. 3522, C. C. It says : " *That possession* is called precarious, . which one enjoys by the leave of another, and during his pleasure."·

The *title* which excludes the ownership, such as a lease, is also called PRECARIOUS.

The article 2456 appears to have been incorporated into the Code from the Spanish law, and rests upon the feigned delivery also formerly recognized by the French jurists. Thus it is declared by Partida Third, Tit. XXX, Law 9, " A man sometimes alienates his estate with a reservation of usufruct ; or after he has alienated it, and before he delivers possession, leases it of the purchaser. In either of these cases, we say the purchaser will acquire *the possession or property* of the thing in the same manner as if he had been put in corporal possession of it. And so we say it would be, if he who alienated the thing had said," ' I consent hereafter to hold possession in your name.' 1 Moreau, Partidas, p. 398 ; see also Code 1808, p. 350, Arts. 29 and 30.

Pothier says : " Every mode of causing the possession of a thing to pass to any one without the intervention of an actual delivery, is called a feigned delivery.

<div style="float:right">McCloskey<br>v.<br>Central Bank.</div>

For example : when in donating an estate to any one, I retain it under a title of lease, it is a feigned delivery, because, remaining on the estate, and consequently without any real delivery intervening, I do nòt suffer the estate to pass to the donee. In fact, as we possess not only the things which we hold by ourselves, but those even which we hold by our tenants and lessees, and as an estate is not, properly speaking, possessed by him who holds under a lease, but by him who holds the title, it follows that the donor, in making himself, by a clause in the act of donation, the tenant or lessee of the donee, on account of the estate which he donates without vacating the same, ceases to possess it, and transfers its true possession to the donee."

" It is the same with the clause of reservation of usufruct, either in a contract of sale or a contract of donation." 7 Pothier, ed. 1835 ; Dupin, p. 453 ; 8 *ibid*, p. 203 ; Bousquet, Dictionaire de Droit, *verbis* Constitut et Précaire, Dig. Lib. 50, T. 27, L. 23 ; *ibid*, Lib. 43, Tit. 26.

We conclude, therefore, that the vendor, *William E. Starke*, did not remain in possession under a *precarious title*, and that the sale is invalid as against the seizing creditor, the Bank, for want of delivery. See *Hall* v. *Hill*, 6 An. 753 ; *Munday* v. *Wilson*, 4 L. R. 340 ; 1 An. 61.

There is no basis for a judgment for damages on the dissolution of the injunction, because we have not the means of ascertaining the amount injoined, and there must be a judgment of nonsuit on that part of the reconventional demand.

It is, therefore, ordered, adjudged and decreed by the Court, that the judgment of the lower Court be avoided and reversed ; and that there be judgment against the plaintiff's demand, and in favor of the defendant, and that the injunction be dissolved, and that the Sheriff proceed to make the money under the said seizure ; and that the defendant's right to damages, if any such have been sustained on account of the wrongful suing out of the injunction, be reserved to said Central Bank of Alabama ; and that the plaintiff pay the costs of both Courts.

LAND, J., absent, concurring.