Taliaferro, J.
The plaintiff, being the holder of a promissory note for $1771 in gold coin with interest thereon from the eleventh May, 1870, at eight per cent., executed by the defendant, instituted this action against him, proceeding by attachment and garnishment process, alleging that the defendant was in insolvent circumstances and about to dispose of a large portion of his property to defraud his creditors and to give an undue preference to some of them. Certain lands with the rents accruing from them were attached and one Dubberty was cited as garnishee. The answers of the garnishee to interrogatories disclosed no indebtedness by him to the defendant. ■ Chaffe & Brothers intervened, claiming ownership of the lands attached. The case was tried twice in the courts below with the same result, that of a judgment in favor of the plaintiff against both the defendants and the intervenors; from which judgment the intervenors alone have appealed.
The defendant in 1870 became indebted to the intervenors in the sum of $5500, to secure the payment of which he mortgaged to them a portion of the lauds which the plaintiff in this suit attached for the payment of his debt. The mortgage was recorded in the parish of Bienville on the tenth of June, 1870, before the establishment of the parish of Webster; and as provision is made in the act creating the latter parish, rendering it unnecessary for any subsequent recordation in the new parish of deeds already recorded in the parishes from which portions of territory had been taken to form the parish of Webster, the objection of the plaintiff that the mortgage does not appear on the records of that parish is without weight.
The defendant, on the twelfth of August, 1872, sold to intervenors two hundred and thirty-nine and sixty-two one hundredth acres of land, the consideration of which, as expressed in the deéd, was the sum of $2800 cash in hand paid. This deed was recorded on August 14, 1872. On the day following, the thirteenth of August, 1872, the defendant sold to the intervenors four hundred and forty acres of land, more or less, for the consideration, as expressed in the deed of conveyance, of the sum of $2750 cash in hand paid. This deed was recorded on the same day it was executed. The attachment of the plaintiff was levied upon these lands on the twentieth of August, 1872, about seven or eight days alter the time of the sale to the intervenors. It is admitted that the consideration of both the transfers was indebtedness of defendant to the intervenors, and it is otherwise established that the consideration of both conveyances was the indebtedness of the defendant to the intervenors, and that no money was paid by them.
At the time the defendant contracted the debt for which he is now sued, he was pecuniarily.much embarrassed and his situation in this *618 respect it (teems continued without any improvement up to the time this litigation commenced. The evidence makes it clear that at the time the intervenors obtained the mortgage and the titles they set up to the lands they knew the defendant was in failing and inec-lvout circumstances, and knew of the existence of the plaintiff’s claim again it the defendant, which had existed anterior to that of the intervenors.
It is admitted by the counsel of the intervenors that the vendor was not actually in possession as owner; that he did not live on either place; that both places were in possession of lessees; that the only delivery practicable was made. It is clear that no actual delivery of possession was made to the intervenors. They contend however that possession follows title by public act, as well in transfers by dation en paiement as in sales; that delivery followed title by the notarial act of sale to them by defendant, and that no further act of delivery was necessary; that the private act when recorded became authentic, and if possession did not follow title and vendee held precarious title, the only effect of the seizure was to force vendee to prove the reality and good faith of the contract. With these views we do not agree. It is of the very essence of the dation en paiement that delivery should actually be made. 3 M. 326, 269, and 12 La. 375.
In Nellson v. Smith, 12 La. 375, the case last referred to, it was held that neither a sale or a dation en paiement can avail against an attaching creditor when there has been no delivery. This doctrine is well settled. See 20 An. 282, White v. Bird, and 3 An. 280.
All the conditions required to enable a creditor to attach the property of his debtor who, unable to pay all his creditors, is aiming to give an undue preference to some of them to the injury of the others, meet in this case; the insolvency of the defendant at the time of his transfers of property to the intervenors, the existence of plaintiff’s debt at the time of these transfers, and the attempt of the defendant to defeat his collection of that debt or to participate in a distribution of his assets by passing title to all his property to the intervenors. That the intervenors were fully aware of the indebtedness of the defendant to the plaintiff at the time the defendant became indebted to them, and of his failing and insolvent condition at that time, is abundantly shown ; and under this state of facts they may well be considered as having aided the defendant in his fraudulent designs to defeat the plaintiff’s claim, first by taking a mortgage from defendant on his property and subsequently transfers of that property only a few days before the plaintiff’s attachment was levied on the same property.
The decree of the lower court was correctly rendered.
Judgment affirmed.