## No. 9653.

### MEYER WEIL vs. JOSEPH LAPEYRE ET AL.

All things which the owner of a tract of land has placed upon it for its service and improvement, such as working animals, implements of husbandry, machinery and other appurtenances, are immovable by destination, and are covered by a pre-existing mortgage which attaches to the realty.

But the effect of the mortgage on such movables is maintained only as long as the condition of immovable by destination continues, hence the owner may remove them from the mortgaged premises, and if the removal is done in good faith, and if by means of a sale, it is followed by delivery to the purchaser equally in good faith, the effect of the mortgage thereon is destroyed.

Hence, in such a case, the creditor can not pursue such things in the hands of a third party, purchaser and possessor in good faith, so as to subject them to his mortgage.

But his right to prevent, by legal proceedings, the removal of such movables from the mortgaged premises, or to pursue them in the hands of a third possessor in bad faith, is fully recognized.

APPEAL from the Twenty-third District Court, Parish of Iberville Talbot, J.

*Singleton, Browne & Choate* and *David N. Barrow,* for Plaintiff and Appellee.

*Alex. Hebert,* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J.    Defendant charges error in a judgment decreeing certain articles of machinery and implements of husbandry, which he had purchased from one Thompson, to be liable to a conventional mortgage which plaintiff had on a plantation owned by Thompson, which plantation was sold in executory process under the mortgage held by plaintiff.

The machinery and implements had been placed, by the owner, Thompson, on the mortgaged premises for the service and improvement of the plantation, but having no further use of the same he had sold and delivered them to the defendant Lapeyre, a little over a year before the foreclosure of plaintiff's mortgage.

The question for solution is whether the mortgage which affected the machinery and implements as soon as they became immovable by destination, through the act of the owner of the soil, by attaching them thereto as appurtenances, continued to affect and to attach to those things in the hands of a third party, purchaser.   From the evidence it appears to our satisfaction that the sale by Thompson to Lapeyre was made in good faith, and that the latter became the true owner of the things thus sold to him, and for which he gave valuable consideration.

Nothing in the record could even justify a suspicion that in selling these things, Thompson had any intention to defraud his mortgage creditors, but on the contrary, it appears that his object was exclusively to obtain the means necessary to cultivate his plantation, and that he had no other source from which he could secure the funds which he needed for the cultivation of his crop.

But plaintiff contends that, as these movables had become immovable by destination, his mortgage rights thereon had become irrevocable, and that no subsequent act of his debtor could have the legal effect of destroying or impairing the security which he had thus obtained on the same as part of the realty to which his mortgage attached, to the knowledge of the defendant.

Under the system of agriculture which prevails in this State, and which is the foundation of all the prosperity which we can expect for our people, the question is one of vital importance, to the consideration of which we have given much thought and study.   Article 468 of the Civil Code provides that, "Things which the owner of a tract of land has placed upon it for its service and improvement, are immovable by destination."

Weil vs. Lapeyre et al.

" Thus the following things are immovable by destination when they have been placed by the owner for the service and improvement of a tract of land, to-wit : "    * * *    " Implements of husbandry."    * * * Under. Article 3289, " immovables subject to alienation, and their accessories considered likewise as immovables," are susceptible of mortgage.

In accordance with these principles it has been held, and it is now settled, in our jurisprudence, that working animals, implements of husbandry. and other appurtenances placed by the owner on his farm or plantation for its service and improvement, become immovables by destination and are as such affected with a pre-existing mortgage which attaches to the realty.

But after the most patient search we find in our reports but one case which deals with the question of the right of the owner of a mortgaged plantation to destroy by his own act, by means of a sale, or of a removal in good faith of such accessories, the character of immovables by destination which he had impressed on such movables, and to restore them to their original character or nature, free of the mortgage to which they had once been subject.

That power was recognized and judicially enforced by this court in the case of the Citizens' Bank vs. Knapp, 22 Ann. 117.

But as the opinion in that case is not reasoned at great length or supported by authority, and in view of the violent attack made on it by plaintiff's learned counsel, we have deemed it our duty to extend our researches and to treat the subject as though it were a new question.    Articles 468 and 3289 of our Code are derived from Articles 524 and 2118 of the Code Napoleon, and we have therefore sought for light on this subject from French commentators on the Napoleon Code and from the adjudications of French tribunals.   And we have there found a clear solution of the question in the same sense which was followed by our predecessors in the case just referred to.

The theory of French writers, predicated on numerous adjudications of the Court of Cassation is, that the principle under which a movable can become immovable by destination is a pure fiction of the law, and that its effect in reference to mortgages, exists or lasts only as long as the condition under which it is produced continues, that is, as long as the movable remains, under the will of the owner, attached to the realty subject to the mortgage, as an appurtenance or an accessory.

Hence they conclude that a sale in good faith by the owner, followed by actual delivery to the purchaser, of movable effects which he had converted into immovables by destination, does liberate the things

thus sold from the effect of the mortgage to which they had been subjected only because they were attached to the land burdened with the mortgage.

The doctrine is thus laid down by Paul Pont, the co-laborer of Marcadé, in his Treatise on the Napoleon Code:

"Une autre conséquence du principe, c'est que les objets mobiliers immobilisés ne sont grevés de l'hypothèque assise sur l'immeuble qu'autant que l'immobilisation continue. Les objets mobiliers viennent ils à être détachés de l'immeuble on cessent—ils d'être appliqués à la culture ou à l'esploitation du fonds dont ils formaient les auxiliaires ou les dépendances, ils rentrent dans leurs nature primitive de biens meubles; en sorte que la cause qui les avait rendus susceptibles d'hypotèhque venant à cesser, la charge hypothécaire cesse par cela même de les atteindre. Ainsi, Paul a mis sur sa propriété des bestiaux, des utensiles aratoires, pour son exploitation; ces objets sont par là devenus immeubles par destination, et comme tels, ils ont été grevés de l'hypothèque dont la propriété était affectée au profit de Pierre. Mais Paul, entièrement libre de ses droits, vend, sans fraude, ces bestiaux et les utensiles, les objets reprennent leur nature primitive, car, n'appartenant plus au propréitaire du fonds, et n'étant plus attachés à ce fonds, ils cessent d'être dans la condition qui les avait immobilisés: le gage de Pierre est diminué d'autant."

The same view of the subject finds ample support from the pen of several very respectable French commentators, and in a current of uniform adjudications of French courts.

Paul Pont. "Explication du Code Napoleon," vol. 2, p. 374 et seq.; Troplong "Droit Civil Expliqué," No. 399; Court of Cassation, decrees of, 5 August, 1829; 3 August, 1831; 25 May, 1841; Bourges, 31 January, 1843; Paris, 5 August, 1852.

In accepting these conclusions which, in our opinion, rest on solid grounds of reason, as well as on authority, we wish it to be well understood that nothing in this opinion can be interpreted to mean that the protection which is herein granted to the defendant, can be extended to any third party purchaser who is not entirely in good faith, and who has not been placed in actual and legal possession of movable effects which, to his knowledge, had been attached as appurtenances to a predial estate burdened with a mortgage, and had thus become immovable by destination.

In this ruling we must not be understood as holding any doctrine which could in the least impair or abridge the legal right of a mortgage creditor to prevent by legal proceedings the removal by his debtor, in

good or in bad faith, from the mortgaged premises, of the movable effects, such as working animals, farming implements or machinery, which had been placed by the owner on the realty, as appurtenances thereof, or to pursue these objects in the hands of third parties, not purchasers of the same in good faith, so as to subject them to the effect of his mortgage.

In this case, as the record shows, we are dealing with a debtor, who has sold in good faith, some machinery and implements which he had attached to his plantation, with which he could subsequently dispense, and which he disposed of with the intention of raising the funds necessary to cultivate his crops, and hence we conclude that his purchaser is entitled to protection.

The judgment appealed from is therefore amended, avoided and reversed, and it is now ordered that plaintiff's demand be rejected and his action dismissed at his costs in both courts.