(37 South. 875.)

No. 15,329.

FOLSE v. TRICHE, Sheriff, et al.

(Nov. 21, 1904. On Rehearing, Dec. 19, 1904).

MORTGAGE—LIEN—DESTRUCTION OF PROPERTY.

1. Where a sugar house was destroyed by fire, and the machinery therein was left "in a demolished and ruined condition," valuable only as metal, the remains of such machinery are not subject to a legal mortgage held by plaintiff, at the date of the fire, on the interest of her husband in the plantation on which said sugar house was located.

Nicholls, J., dissenting.

On Rehearing.

2. The court adheres to the views expressed as to the law in the opinion heretofore handed down, and remands the case for further trial on the facts, with instructions.

(Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; Paul Lache, Judge.

Action by Mathilda Folse against Charles L. Triche, sheriff, and others. Judgment for defendants, and plaintiff appeals. Reversed.

Marks & Wortham, for appellant. Edward N. Pugh, for appellees.

LAND, J. This case came before us originally on a certificate for instructions from the judges of the Fifth Circuit Court of Appeal, and we, instead of answering the question propounded, ordered the whole record to be sent up for our consideration.

There seems to be no dispute about the facts, and the question of law is whether the machinery and appliances of the sugar house destroyed by fire, "all in a demolished and ruined condition, but containing much valuable metal," are movables or immovables.

The district judge held that said machinery and appliances had not lost their character as immovables by the conflagration which destroyed the house in which they were located. He therefore rendered judgment in favor of the plaintiff, who, as a creditor of her husband, claiming a legal mortgage, had enjoined the sale of said machinery, etc., separately from the mortgaged premises. Defendant, an ordinary judgment creditor, who had caused the said property to be seized under a writ of fieri facias, appealed to the Court of Appeal.

It is conceded that before the destruction of the sugar house, the machinery and appliances contained therein were immovable by destination. This accords with the textual provisions of article 468 of the Civil Code.

Our learned Brother of the district court ruled that immovables by destination can be mobilized only by the act of the owner in removing or disposing of them in good faith. Movables are converted into immovables by

destination when placed by the owner of a tract of land upon it "for its service and improvement." Civ. Code, art. 468. Movables which do not perform this function do not fall within the terms of the definition. Hence it would seem that when, from any cause, a movable ceases to be of service to a tract of land, or is detached from a building or tenement of which it formed a part as an accessory, there is no longer ground for the claim that such movable appertains to the realty.

The text of the Civil Code teaches us that the materials arising from the demolition of a building are movables until they have been made use of in raising a new building. Civ. Code, art. 476. It matters not whether the building be demolished by the act of the owner or by natural causes. The French courts hold that, where a house has been burned, a mortgage thereon cannot be enforced against the materials which escaped the flames. Dalloz, Code Civil, vol. 2, pt. 1070, 1483. This results from the doctrine of the civil law that mortgages can exist only on immovables and their accessories considered likewise as immovables. Civ. Code, art. 3289.

In Bank v. Knapp, 22 La. Ann. 117, our Supreme Court held that machinery, when detached from a sugar house, and removed from the plantation by the purchaser, became again movables, not subject to the mortgage resting on the land. The court said:

"Their susceptibility of mortgage existed only while they remained as placed by the owner, to be used in carrying on the plantation works."

This doctrine was reaffirmed in Weil v. Lapeyre, 38 La. Ann. 303, after a review of the French jurisprudence on the subject. The court said:

"The theory of the French writers, predicated on numerous adjudications of the court of cassation, is that the principle under which a movable becomes immovable by destination is a pure fiction of the law, and that its effect in reference to mortgages exists or lasts only as long as the conditions under which it is produced continue; that is, as long as the movable remains, under the will of the owner, attached to the realty subject to the mortgage, as an appurtenance or an accessary."

In both of the cases cited, the Supreme Court held that the machinery again became movable by sale made in good faith and removal from the premises.

It does not follow that a sale and delivery is the only mode by which machinery in a sugar house or other factory can regain its true nature as a movable. If so attached as to become a part of the building, the demolition or destruction of the building leaves the machinery, or what is left of it, in the condition of a movable not attached to the realty. In such case no distinction can be drawn between such machinery and materials arising from the demolition of the building. Both become movables under Civ. Code, art. 476. Laurent says:

"Quand des choses immeubles par incorporation sont détachées du sol ou du batiment, elles reprennent, de fait comme de droit, leur nature mobilière." Droit Civil Francais, Tome 5, p. 534.

If such machinery be not incorporated with the building, but placed therein for the service and improvement of the land, it becomes immovable by destination, not because the owner so wills or intends, but by reason of such service and improvement. Id. pp. 537, 564. While immovables by destination remain on the land in a condition fit for service, it may be that the will of the owner or his action is necessary to change their status; but when, as in the case at bar, they become unfit for service as the result of accident, there is no reason for the continuation of the legal fiction made in the interest of agriculture and industry. The immobilization and hypothecation of movables by destination cease when the movable objects are detached from the immovable, or cease to be

applied to the cultivation or service of the tract of land to which they were attached as accessories. Paul Pont, 1, No. 376, p. 374. The case is stronger where such movables are rendered by accident incapable of further service.

We cannot consider the demolished and ruined machinery valuable only as scrap metal as in the category of "machinery made use of in carrying on plantation works." Civ. Code, art. 468. In the Succession of Allen, 48 La. Ann. 1047, 1048, 20 South. 193, 55 Am. St. Rep. 295, this court held that a lot of "old iron" was not an immovable by destination, because not essential for the use of the plantation, and not employed in the cultivation of the same. Doubtless such "old iron" was the remnant of implements or machinery which had been used on the plantation, because otherwise there could have been no question of its immobilization.

Holding that plaintiff cannot have a legal mortgage on the remnants of machinery in question, her injunction must be dissolved, and her suit dismissed, with costs. There is no evidence in the record on the reconventional demand for damages, and therefore the rights of defendants will be reserved.

It is therefore ordered, adjudged, and decreed that the judgment of the district court herein rendered be annulled, avoided, and reversed, and it is further ordered and decreed that the injunction sued out by plaintiff be dissolved, and her suit be dismissed, at her costs in all courts, reserving defendants' rights to sue for damages occasioned by the injunction herein.

NICHOLLS, J., dissents, holding that the rights of the mortgage creditor being vested upon each and every part of the building is not lost by the fortuitous burning of the building when any part of the building still remains upon the mortgaged property. He reserves the right to amplify this proposition.

On Application for Rehearing.

BREAUX, C. J. There is a dispute about the status of the property on which a mortgage is claimed.

Two propositions arise and present themselves.

The first:

That the property is in a demolished and ruined condition, but containing much valuable metal, and that is about all.

The second:

That the fire had not destroyed the primitive nature of the property, and that the destruction of the building did not change the status of the machinery.

Question: Which of these propositions—the first or the second—is sustained by the record?

On Rehearing.

(Jan. 30, 1905.)

PROVOSTY, J. The court adheres to the views expressed in the opinion heretofore handed down in so far as the law is concerned, but does not find itself sufficiently informed of the facts to come to a final conclusion. The decision handed down is therefore reinstated, in so far as it sets aside the judgment below, and the case is remanded to the district court for further trial, with instructions that if, as a result of the fire, the property seized has ceased to be a sugar mill and machinery such as need only to be repaired and properly sheltered for continuing in the service of the plantation, and has become merely a lot of material, more or less susceptible of being utilized in the reconstruction of the destroyed sugar house, it shall be held to have lost its character of immobility; otherwise not. All costs to abide final result

NICHOLLS, J., concurs in so far as the court orders the remanding of the case, but thinks the case should go back without instructions.