————o————

## No. 6223.

## G. D. VON PUHL vs. CAIRE & GRAUGNARD.

### Syllabus.

1. When machinery ceases to be made use of in carrying on a plantation, and is sold separately from the plantation it loses its character of immovable by destination, and resumes its natural character of a movable.

2. To affect third persons the purchaser of movables must be put in possession thereof, but no law requires that he should remove them; if subsequent to the delivery the movable remain with the vendor under a precarious title, the purchaser is bound to prove that the sale was real and bona fide.

Appeal from the 28th Judicial District Court, Parish of St. John the Baptist, No. 860. Honorable P. E. Edrington, Judge.

C. F. Borah, H. G. Block and L. R. Rivarde, for plaintiff and appellee.

James Legendre, for defendant and appellant.

His Honor, JOHN ST PAUL, rendered the opinion and decree of the Court, as follows:

Gaskins & Rolling were the owners of a plantation with a sugar house thereon.

About the year 1904 the sugar house was destroyed by fire and the machinery was sold to plaintiff, who took possession and removed part thereof but allowed the rest to remain standing under an agreement that it might so remain until plaintiff was ready to remove it.

Some years later Gaskins & Rolling sold the plantation "together with the sugar house, steam engines and mills" to defendants.

The latter claim that title to the machinery still standing passed to them with the plantation as "immovable by destination" regardless of the **unrecorded** claim of plaintiff.

But as a result of the fire the machinery though still standing ceased to be "made use of in carrying on the plantation works" and the sale thereof to plaintiff negative any intention on the part of the owner to use it in reconstructing the destroyed sugar house. **C. C., 468, 476.** It, therefore, lost its **fictitious** character of immovable by destination and resumed its **natural** character of movable.

**Folse vs. Triche, 113 La., 915; Weil vs. Lapeyre, 38 An., 303; Bank vs. Knapp, 22 An., 117.**

It is further claimed that as a sale of **movable** there was no such delivery of the property to plaintiff as would affect **bona fide** purchasers (which defendants undoubtedly were).

The contention is made that plaintiff should have **removed** the machinery and not allowed it to remain on the plantation.

The answer to this is that the law does not require the purchaser to **remove** the property in order to affect third persons, it is sufficient that the purchaser have been given

possession thereof, i. e., that the property be put into his power.

C. C., 2477.

In this case the purchaser appears to have been given physical possession of the machinery since he actually removed a part thereof and might have removed the balance had he wished to do so. ·

However even constructive possession sometimes suffices (**C. C., 2247**) and the delivery once made the vendor may be allowed to retain possession by precarious title; the only penalty imposed in that case being that the purchaser must prove that the sale was made in good faith.

C. C., 2480; **Edwards vs. Fairbanks & Gilman,**
27 An., 449; **Gauthier vs. Thomas, 4 Rob., 435;**
**England vs. Insurance Co., 16 An., 5.**

In this case it is not only proved but admitted that the sale to plaintiff was real and in good faith.

Judgment affirmed.

Claiborne, J.—I am of the opinion that Articles 1922 and 2247 control this case and that no delivery to Von Phul contemplated by those articles was shown.

Godchaux, J.—I concur in the opinion and decree because the Article of the Code, 2480, is later in order and in time than Articles 1922 and 2247, and consequently should govern.

Judgment affirmed.

Opinion and decree, December 7th, 1914.

Rehearing granted, January 5, 1915.

## On Rehearing.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Upon further examination of the record the Court is far from satisfied that the facts are disclosed with sufficient clearness and certainty to enable us to intelligently apply the principles of law upon which the rights of the parties should be determined. This has reference particularly to the questions: (1) As to whether under all the circumstances of the case it can be said that the machinery retained its character of an immovable by destination or became a movable within the meaning of the law, particularly as enunciated in **Folse vs. Triche,** 113 La., 915; and, (2) As to whether or not the nature or character of the notice received by defendants of a prior sale of the property was such as to establish their status as purchasers in good or in bad faith.

It is proper, therefore, that the case should be re-opened for the taking of additional evidence on these subjects; and without attempting to limit or direct the efforts of the parties in this regard, it may be of advantage to state that we find the evidence particularly scant and unsatisfactory with regard to the condition of the sugar house and its contents; the effect of the removal of a part of the machinery and equipment upon the completeness and efficiency of that which remains; the relationship of the defendants to the property as creditors or otherwise and their familiarity therewith when the fire occurred, at the time of the sale to Von Phul and thereafter; the precise language of the notice of the prior sale given to defendants and all the circumstances under which it was provoked and received.

As the record now stands, the documentary evidence, including the correspondence passing between the parties, is not only incomplete but of doubtful admissibility as presently offered, while the fact is apparent that other witnesses, having intimate knowledge and information upon all these subjects, can be heard to advantage.

'Considering the condition of the record, we have therefore concluded to withdraw and withhold for the present any expression as to the law applicable to the case.

Our previous opinion and decree is accordingly recalled and set aside, and it is now decreed that the judgment appealed from be avoided and annulled and the case remanded for further trial according to law and the views herein expressed, the appellees paying the costs of appeal and those of the trial Court to await the final determination of the cause.

Prior opinion and decree recalled and case remanded.

Opinion and decree, February 17, 1915.