Relator is the holder of two certain past-due promissory notes, aggregating in principal $26,000, and secured by mortgage on certain lands, and "included in this mortgage are all the buildings and improvements located on said land, as well as the sawmill, planing mill, and all machinery and appurtenances of said sawmill and planing mill, all railroad tracks and tram tracks, and, in fact, all property that is located on said landwhich is immovable by nature or destination."
 I.
At the instance of Fitzwilliams Co. and of the receivers of the Texas Pacific Railway Company, the sheriff of the parish seized, under writ of fieri facias, the following described property, which he found upon said land, and which, from its description, appears to consist of dismantled machinery, secondhand tools and implements, and junk, to wit:
 One lot secondhand pipes, 2" to 6"; two 12" pulleys; one lot rod iron; one cast-iron tee, 6"; *Page 840 
one flange, 6"; one small sprocket wheel; one lot rails and ties, up to Texas Pacific track; one blacksmith forge (hand); one lot of shafts and pulleys; one lot of sprockets and chains; one groove cutter; one dynamo and swivel board; ten trucks (lumber); one high-speed engine; one lot secondhand buzz saws; one lot of groove knives; one lot of planers, different sizes; one groove machine; one emery wheel (belt power); one lot of packing; one lot of electric wiring; one lot of fire bricks, secondhand; one water pump (suction 6", discharge 6"); three boilers and connections; one lot of cistern hoops; one condenser; one set of "nigger heads"; one shingle machine (steam); one conveyor chain; one swing saw machine; one saw grinder; one hard shingle machine; one log carriage; one lot of "shotgun" pipes; one set of saw-filing machines; one band saw mill; one carriage complete; one H.S.G. engine; one 6" blower; eight arc lamps (secondhand); one pick; one swage block; and one press.
 II.
Thereupon relator applied to the district judge for an injunction to restrain said sheriff from seizing and selling the above-described articles as movables (personal property) and separately and apart from the realty on which they stood, on the ground (it is alleged) that all of said property was, at the time of petitioner's mortgage, and still is, immovable, either by nature or by destination (i.e. part of the realty), all of the most valuable parts of said property being still affixed and attached to the soil on which it stands; that none of said property has, quoad relator, lost its quality of immovable by nature or destination; and that relator cannot be deprived of its security upon said property by a sale thereof separately from the land to which it was, and is, attached.
 III.
The trial judge issued a rule to show cause why the injunction sought by relator should not be granted, and, after due hearing,refused the injunction; whereupon relator then applied to this court for a mandamus to compel the trial judge to issue, pendente lite, a preliminary injunction restraining *Page 841 until hearing (sic), meaning until a hearing on the merits (?), the sale of the property seized, and about to be sold, under the writ of fieri facias aforesaid. And relator further prayed for astay order by this court to restrain the sale until further ordered. Whereupon a preliminary writ issued out of this court, with a stay order as prayed for.
 IV.
On the trial of the rule to show cause before the district judge, evidence was adduced; but that evidence was not transcribed, and is not before us. And the district judge says in his return that the evidence "showed conclusively" that all or most of the property seized is movable and subject to seizure and sale as such, "except, possibly, some few articles which the evidence did not clearly show" to have been detached from the realty and to have lost their character of immovables by reason of having been so detached, as to which he reserved to relator the right to take such action as it might deem best.
 V.
Our conclusion is that our preliminary writ issued improvidently. Even if the things seized had once been attached
to the realty and formed part thereof, nevertheless, having since been detached, they have now lost their character of immovables,
and are no longer subject to relator's mortgage. See Folse v. Triche, 113 La. 915, 37 So. 875, and authorities there cited.
 Decree.
The preliminary writ herein issued is now recalled and set aside; and relator's demand is now rejected at its cost.
O'NIELL, C.J., dissents, being of the opinion that the decision in Folse v. Triche, 113 La. 915, 37 So. 875, should be overruled. *Page 842