## CAMPBELL v. HAMMOND BOX & VENEER CO., Limited (HAMMOND BOX CO., Inc., Intervener).

### No. 1581.

Court of Appeal of Louisiana. First Circuit.

March 23, 1936.

A. W. Spiller, of Hammond, for appellant.

James H. Morrison, of Hammond, for appellee.

OTT, Judge.

On September 6, 1924, the Hammond Box & Veneer Company, Limited, executed a mortgage to secure notes aggregating $50,000; the property in the mortgage being described as follows: "A certain piece or parcel of ground in the City of Hammond, in the Parish of Tangipahoa, State of Louisiana, described as the whole of Block No. Eighty-five (85), of the original Hyer Survey of said City of Hammond, together with all the buildings and improvements thereon, including the entire manufacturing plant of said mortgagor, with all machinery of whatever nature, kind and description thereon, and with all rights, ways, privileges and appurtenances thereunto in any-wise belonging."

On July 14, 1932, the Hammond State Bank & Trust Company, as holder of the mortgage notes, secured an order of executory process in the district court of Tangipahoa parish, and on July 20th the sheriff of said parish, acting under a writ of seizure and sale, seized said property. After due advertisement, the property was sold by the sheriff on September 3, 1932; the Hammond State Bank & Trust Company becoming the purchaser. On October 20, 1932, the bank sold the property to the Hammond Box Company, Inc., the intervener herein. In all the proceedings leading up to the said sheriff's sale, as well as in the deed to the purchaser at the sale and in the deed from the purchaser to the intervener herein, the property was described substantially as given in the original mortgage.

On July 26, 1932, after the seizure under the executory proceedings and before the sheriff's sale thereunder, the plaintiff herein, Charles L. Campbell, acting for his minor daughter, filed this suit in the city court of Hammond, against the Hammond Box & Veneer Company, Limited, for $170, being the amount due his daughter for clerical services rendered by her to said company. He asked for a sequestration of the movable property of the defendant company under the privilege granted by law for said clerical services. The sequestration issued and the marshal of the city court seized thereunder on July 26, 1932, a certain lot of office furniture and fixtures located in the office of defendant company on the property covered in the said mortgage. The notice of seizure itemized the articles seized, being adding machines, typewriters, desks, chairs, filing cabinets, lamps, fans, iron safe, etc.

On September 7, 1932, the city court rendered judgment in favor of plaintiff and against the defendant company for the amount sued for, and maintained the sequestration. Nothing further was done in the suit until April, 1935, when the property was seized and advertised for sale under a writ of fi. fa. issued under the judgment of the city court.

The Hammond Box Company, Inc., filed an intervention setting up its claim of ownership of these office fixtures by reason of the sheriff's' sale under the mortgage heretofore referred to, alleging further that it and its authors in title had been in possession of said property for the past several years and since the sheriff's sale; that the property seized under the process from the city court was not the property of the Hammond Box & Veneer Company, Limited, but that the said property belonged to intervener by reason of the sale under said mortgage to said bank and the transfer from the bank to intervener. An injunction was asked for to stop the sale of said property. A final judgment was rendered by the city court on June 10, 1935, decreeing that the office furniture and fixtures seized under the writ issued out of the city court' is the property of the said Hammond Box & Veneer Company, Limited, and, as such, subject to seizure and sale to satisfy the claim of plaintiff. The rule for an injunction was dismissed, and the marshal was ordered to proceed with the execution of the writ. From the judgment the intervener has appealed.

Counsel for the intervener contends that the city court of Hammond had no jurisdiction over the property in controversy, for the reason that the district court of Tangipahoa parish had taken jurisdiction over the property when the seizure was made by the sheriff in the foreclosure of the mortgage; that this office furniture was included in said mortgage and the seizure by the sheriff in the foreclosure thereof; that, accordingly the court acquiring jurisdiction first was the only court having the power to pass on the rank of conflicting mortgages and privileges asserted against the property as provided for in articles 126 and 397 of the Code of Practice.

That contention would be correct if the property seized by process from the city court was as a matter of fact included in the mortgage given by the Hammond Box & Veneer Company, Limited, and was in fact legally seized by the sheriff in the foreclosure of that mortgage, for in that case,

plaintiff, in asserting the privilege of his daughter, would have been relegated to an intervention in the foreclosure proceedings in the district court. C.P. arts. 126 and 397; Wells v. Honeycutt, 138 La. 20, 69 So. 859; Bank of West Feliciana v. Clack, 127 La. 909, 54 So. 145.

However, the contention of the plaintiff is that this property was not included in said mortgage and sale thereunder, and therefore the district court never acquired jurisdiction over this' property, which remained the property of the defendant company and subject to seizure and sale under plaintiff's claim. It is manifest that, if the office furniture herein seized was not included in the mortgage through which intervener is claiming title, no title passed to the purchaser at said foreclosure sale, as no property not included in the mortgage could pass to the purchaser, regardless of any attempt on the part of the sheriff or foreclosing creditor to include such property in the sale. Willis et al. v. Thomason et al., 1 La.App. 313.

It therefore follows, if the property herein seized was covered in said original mortgage, counsel's position would not only be good on this point, but, better for him still, the title passed to the purchaser at the sale and then to intervener, in which case plaintiff would be cut off in any event. Therefore, the sole question to decide is whether or not this property was included in the mortgage under the description already quoted.

As the original mortgage debtor made no declaration by which he intended to make the said office furniture and fixtures a part of the realty on which the factory is located as provided in Act No. 30 of 1904, § 1, as amended by Act No. 187 of 1904, we must look to the Civil Code and our jurisprudence to determine whether or not this property had the status of immovables by destination. This office furniture at the time of the mortgage and at the date of the sheriff's sale was located in an office building on the land described in the mortgage and on which the factory is located. These articles were used in connection with the operation of the factory, and, while not absolutely necessary to its operation, their use was very convenient and almost indispensable to the successful operation of the factory. Of course, none of this office furniture was attached permanently to any buildings on the land covered in the mortgage. Therefore, if this property can be classed as an immovable by destination, it:

must be under that broad definition in article 468 of the Civil Code which fixes as an immovable by destination things which the owner has placed on a tract of land for its service and improvement. Efforts to interpret and apply this article of the Code have given rise to some diversity of opinions on the part of the courts, as each case presents a peculiar state of facts.

The importance of the subject involved impels us to review a few of the cases which we deem most pertinent to the facts in this case, bearing in mind that the property here in question is office furniture and fixtures, such as is ordinarily used in an office in connection with the operation of a mill or factory.

The case of Brauds' Sugars, Inc., v. Williams Richardson Co., Ltd., 15 La.App. 616, 132 So. 670, involved the immobility by destination of a narrow-gauge railroad dummy, a press, grindstone, bellows, rope, crude oil in tanks, and drums of cylinder oil, all used in a sugar factory. This court held that this property was placed in the sugar factory by the owners for the use and operation of the plant; that it became an adjunct and fixture of the factory, and therefore an immovable by destination, and passed to the purchaser at a foreclosure sale under a mortgage on the factory and land. While these articles had somewhat the same use in the operation of the factory as the office fixtures in this case, yet we recognize a difference, in that the use of the former was connected with the machinery and actual manufacturing operations, while the latter served for use in an office operated in connection with the business.

Likewise, in the case of Bass v. Southern States Bottle Co., Inc., et al., 17 La. App. 304, 136 So. 159, the articles there held to be immovable by destination were, in the main, necessary for use in the actual manufacturing operations of the plant, such as electric motors, fans, scales, wheelbarrows, hand trucks, molds, and crates. These articles were not similar to office furniture such as typewriters, adding machines, desks, chairs, etc., used in an office connected with the manufacturing plant.

The case of Straus v. City of New Orleans, 166 La. 1035, 118 So. 125, involved the status of certain machinery in a cotton mill. It will be noted in that case there was an assessment under the heading of "office furniture," and no one seemed to question the status of this office furniture other than as personal property. The only question involved in that case was as to the status of the machinery in the mill, where the city was endeavoring to have the machinery classed as personal property.

In deciding the case in favor of plaintiff, the city judge relied to a large extent on the case of Wakefield State Bank v. T. Fitzwilliams & Co., 158 La. 838, 104 So. 734. In that case the court held that a certain lot of dismantled machinery, secondhand tools and implements, etc., formerly attached to and used in connection with a saw mill, by reason of being detached and dismantled from the machinery of the mill, had lost its character of immovables by destination. While we think the cited case serves as a guide in the interpretation of the facts in the present case, yet the property in that case did not involve office furniture such as is involved in the present case.

In the case of L'Hote et al. v. Fulham, 51 La.Ann. 780, 25 So. 655, the court held that the purchaser of property at sheriff's sale in foreclosure of a mortgage did not acquire under his purchase the chandeliers and brackets placed in the dwelling house thereon by the owner.

In our opinion, the office furniture used by a manufacturing plant in connection with the operation of its business, does not become immovable by destination merely because of the fact that such furniture is placed in the office for such use. Such furniture is not placed on the land for the permanent improvement of the land or any buildings thereon, but solely for the convenience of the particular business conducted on the property.

The only case we have been able to find which passes on the status of office fixtures used in connection with a business is the case of Day v. Goff et al., 2 La.App. 75, where it was held that such property is not immovable by destination, and is not covered in a mortgage of the building in which it is located. The court in that case, after quoting articles 467, 468 and 469 of the Civil Code, had this to say: "It is clear that the articles in question in this case, to-wit: show-cases, typewriter, iron-safe, adding machine, gun-case, settee, heater, and scales, are not of the character of things treated of in either one of these three articles. There is no pretence that they are permanently attached to the building either by plaster, mortar or in any other way which would prevent their being taken off without breaking or injuring them or the building. The claim, as we understand it,

is merely that they are attached in a legal sense because placed in the building for its service and improvement. But it is apparent from the nature of the items and from their not being so permanently attached that they were not placed in the building for the purpose of serving or improving it but rather for the convenience of the particular kind of business that was being conducted in it."

■ The judge of the city court correctly held that the office fixtures in question in this case did not become immovable by destination, and were not included in the mortgage through which intervener claims title. The property was therefore subject to seizure and sale under the judgment of plaintiff against the original mortgage debtor.

For the reasons assigned, the judgment is affirmed.