532 So.2d 1381 (1988)
CITY OF NEW ORLEANS
v.
BAUMER FOODS, INC.
No. 88-C-0595.
Supreme Court of Louisiana.
October 31, 1988.
Rehearing Denied December 1, 1988.
*1382 Okla Jones, II, New Orleans, Don Hernandez, Franklin, Joseph Naccari, Metairie, for applicant.
Richard Verlander, Jr., Metairie, for respondent.
MARCUS, Justice.
Between November 1, 1984 and September 30, 1985, Baumer Foods, Inc. (Baumer) purchased equipment from out of state and had it shipped to its plant in the City of New Orleans (city). Baumer executed by authentic act a "Declaration of Immovables Pursuant to Civil Code Art. 467." This declaration was registered in the conveyance records of Orleans Parish on May 7, 1985. The city filed a rule against Baumer to show cause why a judgment should not be rendered in its favor for the amount of city use taxes due on the equipment, together with interest, penalties and attorney fees. The parties stipulated that $19,909.61 would be due if Baumer were found to owe the tax. The trial judge found that the equipment was not subject to the city use tax and dismissed the rule. The court of appeal affirmed.[1] On the city's application, we granted certiorari to determine the correctness of that decision.[2]
The city use tax is imposed by § 56-21 of the Code of the City of New Orleans:[3]
There is hereby levied, for general municipal purposes, a tax upon the sale at retail, the use, the consumption, the distribution and the storage in the city of each item or article of tangible personal property, upon the lease or rental of such property and upon the sale of services within the city, the levy of such tax to be as follows:
. . . .
(2) At the rate of two and one-half (2½) per cent of the cost price of tangible *1383 personal property when it is not sold, but is used, consumed, distributed or stored for use or consumption in the city, except, that there shall be no duplication of the tax[.] (Emphasis added.)
Tangible personal property is defined in § 56-18 of the City Code:
"Tangible personal property" means and includes personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes or other obligations or securities.
The issues presented are: (1) whether the property law embodied in La.Civ.Code art. 467 is applicable to the term "tangible personal property" contained in the City Code's use tax and (2) if so, whether the tax attached to the equipment in this case.
This court has applied property law in tax contexts. The predecessor to art. 467 was found applicable to a tax lien against "personal property." Straus v. City of New Orleans, 166 La. 1035, 118 So. 125 (1928). In St. John the Baptist Parish School Board v. Marbury-Pattillo Construction Co., 259 La. 1133, 254 So.2d 607 (1971), we examined an identical definition of "tangible personal property" and found it to correspond to the Civil Code's definition of corporeal movables.[4] Hence, the term "tangible personal property" in the City Code's use tax is synonymous with corporeal movable property as used in the Louisiana Civil Code.
The next issue is whether the city use tax attached to the equipment shipped from out of state to Baumer's plant in the city.
La.Civ.Code art. 467 is a fiction of law by which things movable by nature are classified as immovable for policy reasons.[5] The article now reads:[6]
Art. 467. Immovables by declaration
The owner of an immovable may declare that machinery, appliances, and equipment owned by him and placed on the *1384 immovable, other than his private residence, for its service and improvement are deemed to be its component parts. The declaration shall be filed for registry in the conveyance records of the parish in which the immovable is located.
Four conditions must be met before machinery, appliances, and equipment will become immovable by declaration under art. 467:
(1) the owner of the immovable must also own the machinery, appliances, and equipment;
(2) the immovable must be other than a private residence;
(3) the machinery, appliances, and equipment must be placed on the immovable for its service and improvement;

(4) a declaration must be filed for registry in the conveyance records of the parish in which the immovable is located.
Under art. 467, all of these conditions must be met before the machinery, appliances, and equipment will be deemed immovable by declaration. For Baumer to prevail, it must show that at the time the tax attached, the equipment in question was no longer movable. A subsequent immobilization is irrelevant for tax purposes. Farmer's Export Co. v. McNamara, 515 So.2d 629 (La.App. 1st Cir.1987).
City Code § 56-129 is clear as to when the tax attaches:
The use tax applies to the use of property purchased in interstate commerce or in another state or another parish of the State of Louisiana for the purpose of use in the city after interstate or intrastate commerce has ended. For purposes of taxation, interstate or intrastate commerce ends when purchased property reaches the consignee and comes to rest within the city. The tax does not attach until the property has come to rest in the city.[7]
Under this definition, the tax would attach at the moment the equipment was delivered to Baumer's plant in the city, if the equipment was movable at that time.
When art. 467 describes machinery, appliances, and equipment placed on the immovable for its service and improvement, it is describing a fact: the equipment must actually be used for the service and improvement of the immovable before it will be deemed a component part.[8] The article does not say "equipment placed on the immovable intended for its service and improvement." The intention of the owner in placing the equipment on his property is irrelevant.
A similar result was reached under former art. 468:
If such machinery be not incorporated with the building, but placed therein for the service and improvement of the land, it becomes immovable by destination, not because the owner so wills or intends, but by reason of such service and improvement.
Folse v. Triche, 113 La. 915, 37 So. 875 (1904).[9] Again, the court did not consider the owner's intentions, but the actual fact of service and improvement.
From Mr. Baumer's testimony, it appears much preparation had to be made before the equipment could be actually used. When asked what happens to the equipment after it is received, Mr. Baumer replied:
Wein the case of these pieces of equipment we usually will rent larger forklifts than we currently have or machinery *1385 jacks and convey the equipment to the spot in the production line where we want it to sit. And then we have to level it using jacking screws which set it on the pads. Once it's in place we then attach the conveyors, the wiring, the plumbing, et cetera. In the case of the conveyors they're all welded and bolted to the pieces of equipment itself.
The machinery was part of large conveyor line, and special hook-ups had to be made in order to attach it to this line. Considerable preparation was necessary before the equipment could be used. Clearly, the equipment could not be placed into use at the time of its delivery. At that time, Baumer failed to meet the service and improvement requirement of art. 467. Therefore, the equipment did not become immovable by declaration at the time the tax attached.
In sum, the term "tangible personal property" in the City Code's use tax is synonymous with corporeal movable property as used in the Louisiana Civil Code. Accordingly, art. 467 is applicable. However, the tax attached before the equipment in question was placed on the immovable for its service and improvement. Since it was not immovable by declaration under art. 467, it was corporeal movable property, to which the city use tax properly attached. Hence, the city is entitled to a judgment in its favor for $19,909.61.
The city prays for interest, penalties and attorney fees under City Code § 56-66 against Baumer for its failure to pay the tax. Since the court of appeal held in favor of Baumer, it did not reach this issue. Accordingly, we consider it more appropriate to remand the case to the court of appeal to determine, after briefing and argument, whether the interest, penalties and attorney fees under City Code § 56-66 apply in this case.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed, and the case is remanded to the court of appeal to render a judgment for the stipulated amount of $19,909.61 together with any interest, penalties and attorney fees as it determines may be due.
DIXON, C.J., respectfully dissents.
NOTES
[1] 521 So.2d 428 (La.App. 4th Cir.1988).
[2] 523 So.2d 219 (La.1988).
[3] The Power of a Political subdivision to tax is found in La.Const. art. 6, § 30. The subdivision may tax "under authority granted by the legislature." The enabling statute, La.R.S. 33:2712, allows a political subdivision to tax "the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the municipality, all as presently defined in R.S. 47:301-47:317."

The purpose of a use tax is to complement the sales tax and place goods purchased outside of the taxing jurisdiction and imported for use on equal footing with those purchased within the jurisdiction. Chrysler Corp. v. City of New Orleans, 238 La. 123, 114 So.2d 579 (1959).
[4] In Exxon Corp. v. Traigle, 353 So.2d 314, 316-17 (La.App. 1st Cir.1977), the court of appeal addressed the issue in the context of the state statute:

In its use of this common law term [tangible personal property] we do not believe the legislature intended to import the common law into Louisiana for the purpose of sales tax law or to require the court to develop a new body of property law for the purpose of the sales tax. We find it more likely that the legislature desired this undefined term to be defined in accordance with the general property law of Louisiana.
The court applied art. 467's predecessor to a service tax situation and held the state sale of services tax did not apply to an immovable by destination. This case was legislatively overruled. 1977 La. Acts No. 17, § 1, now at La.R.S. 47:301(14)(ii):
(ii) For the purposes of this Subparagraph, tangible personal property shall include machinery, appliances, and equipment which have been declared immovable by declaration under the provisions of Article 467 of the Louisiana Civil Code, and things which have been separated from land, buildings, or other constructions permanently attached to the ground or their component parts as defined in Article 466 of the Civil Code. (Emphasis added.)
[5] Yiannopoulos, Movables and Immovables in Louisiana and Comparative Law, 22 La.L.Rev. 517, 530 (1962); see also A. Yiannopoulos, Louisiana Civil Law TreatiseProperty, § 78, at 235-36 (2d ed. 1980). The concept has been criticized as "perhaps the most useless creation in modern law." M. Planiol, Traite Elementaire de Droit Civil, No. 2213, at 306 (L.S.L.I. trans. 1959). It has been suggested that art. 467 is of doubtful value as a basis for commercial financing (the apparent purpose for which it was enacted) and leads to unintended consequences in other areas of the law. Harrell, Revised Proposal Prepared for the Louisiana State Law Institute, Nov. 16-17, 1979.
[6] Under the predecessor article (art. 468 of the Civil Code of 1870), there were only two ways an immovable by destination could be created. The first method involved no physical attachment, but required dedication of the movable to the service of the land. The second method, found in the last paragraph of art. 468, required physical attachment. See Morton Trust Co. v. American Salt Co., 149 F. 540, 542 (E.D.La. 1906). A third method was added in 1904. La. R.S. 9:1104 allowed an owner to make his movable property immovable by destination by filing in the conveyance and mortgage records. New art. 467 combines the "service and improvement" requirement of the first part of old art. 468(1) with the "declaration" requirement of La.R.S. 9:1104. Art. 467, official comment (a). The "permanent attachment" requirement is not found in new art. 467, but is apparently subsumed into the definition of component parts found in new art. 466. Art. 466, official comment (b).
[7] The City Code's definition of interstate commerce is perhaps more restrictive than the present view taken by the United States Supreme Court. See D.H. Holmes Co., Ltd. v. McNamara, 485 U.S. ___, 108 S.Ct. 1619, 1623, 100 L.Ed.2d 21 (1988).
[8] Similarly, equipment which has been placed in use, but can no longer be used is considered de-immobilized. Folse v. Triche, 113 La. 915, 37 So. 875 (1904). Of course, we do not mean to imply that once equipment is placed into use, it must be used twenty-four hours a day to maintain its status as immovable by declaration.
[9] See also Yiannopoulos, Movables and Immovables in Louisiana and Comparative Law, 22 La.L.Rev. 517, 537 (1962):

When a movable "ceases to be of service to a tract of land," immobilization terminates. Likewise, movables which have not had the opportunity to become of service to an immovable are not immobilized. (Emphasis added.)