835 So.2d 862 (2002)
FORD NEW HOLLAND, INC., Plaintiff-Appellant,
v.
CITY OF BOSSIER CITY AND BOSSIER PARISH, Through its Director of Finance, Charles Glover, Defendants-Appellees.
No. 36,544-CA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 2002.
*863 Lunn, Irion, Salley, Carlisle & Gardner, by Charles W. Salley, James A. Mijalis, Penny N. Nowell, Shreveport, for Appellant.
Truly W. McDaniel, Assistant City Attorney, for Appellee.
Before CARAWAY, PEATROSS and KOSTELKA, JJ.
PEATROSS, J.
This appeal arises from a trial court judgment in favor of defendants, City of Bossier City ("City") and Bossier Parish ("Parish"), and against the plaintiff, New Holland North America, Inc. (formerly known as Ford New Holland, Inc.), rejecting the demands of the plaintiff. The plaintiff ("New Holland") appeals the judgment of the trial court. For the reasons stated herein, we affirm.

FACTS
New Holland imported tractors and other equipment from outside the state and, through arm's length transactions, subsequently leased these tractors and other equipment to Louisiana Downs, Inc. ("Louisiana Downs") in Bossier City, Bossier Parish, Louisiana. The City and Parish applied a use tax to these lease transactions. The entire amount at issue in this matter consists of payments of use tax on New Holland's importation and subsequent lease of tractors and equipment to Louisiana Downs. On March 7, 1994, New Holland paid use tax to the City and Parish under protest, pursuant to La. R.S. *864 47:1576, in the amount of $15,233.68, for the tax period October 1993. Subsequently, New Holland made an additional payment under protest, in the amount of $14,861.16, for the tax period September 1994. The City and Parish acknowledged receipt of the payments under protest and placed the funds in escrow in accordance with La. R.S. 47:1576.
New Holland paid no sales tax on its purchase of the tractors and equipment leased to Louisiana Downs. The tax payments by New Holland were all use taxes, computed at four percent of the price of the equipment. The four percent use tax was made up of a 2.5 percent city tax and a 1.5 percent parish tax.
New Holland filed a lawsuit against the City and Parish, seeking a refund of the use taxes paid under protest. The trial court was asked to determine which subsection of the former version of La. R.S. 47:301(18)(a) applied to the transactions in dispute in this case during the tax periods covering 1993 and 1994.[1] New Holland argued that the City and Parish incorrectly applied use tax to its tractor and equipment leases with Louisiana Downs, charging that its leases were governed by La. R.S. 47:301(18)(a)(iii), which prohibited the City and Parish from collecting any use tax on these transactions. At the time the use tax was applied in this case, La. R.S. 47:301(18)(a)(iii) provided:
The term "use," for purposes of sales and use taxes imposed by the state on the use for rental of automobiles which take place on or after January 1, 1991, and imposed on the use for lease or rental of tangible personal property other than automobiles which take place on or after July 1, 1991, shall not include the purchase, the importation, the consumption, the distribution, or the storage of tangible personal property to be leased or rented in an arm's length transaction as tangible personal property.
The City and Parish disagreed with New Holland, arguing that subsection (iii) only prohibited the state and not political subdivisions of the state from collecting use tax. As political subdivisions of the state, the City and Parish assert that they correctly applied use tax to these lease transactions under La. R.S. 47:301(18)(a)(iv), which did allow the City and Parish to collect use tax on these transactions. At the time the use tax was applied in this case, La. R.S. 47:301(18)(a)(iv) provided:
The term "use," for purposes of sales and use taxes imposed by the state on the use for rental of automobiles which take place prior to January 1, 1991, and imposed on the use for lease or rental of tangible personal property other than automobiles which take place prior to July 1, 1991, and for purposes of local sales and use taxes levied by political subdivisions, shall include the purchase, the importation, the consumption, the distribution, or the storage of tangible personal property to be leased or rented in an arm's length transaction as tangible personal property. However, contrary provisions of law notwithstanding, any political subdivision may, by ordinance, adopt the definition of "use" provided in subparagraph (iii) herein for purposes of the imposition of its sales and use tax.
Finally, New Holland asserted that La. R.S. 47:301(19)(b) should apply to its lease transactions with Louisiana Downs, arguing that, if the tractors and equipment had been sold rather than leased to Louisiana Downs, which is a tax exempt entity under La. R.S. 4:168, then the sales transactions *865 would have been tax exempt. La. R.S. 47:301(19)(b) provides:
(19) "Use tax" includes the use, the consumption, the distribution, and the storage as herein defined. No use tax shall be due to or collected by:
(b) Any political subdivision on tangible personal property used, consumed, distributed, or stored for use or consumption in such political subdivision if the sale of such property would have been exempted or excluded from sales tax at the time such property became subject to the taxing jurisdiction of the political subdivision.
If sales transactions with Louisiana Downs are exempt, New Holland argued that, under La. R.S. 47:301(19)(b), lease transactions are also exempt because Louisiana Downs is the ultimate consumer or end user of the tangible personal property at issue.
The trial judge decided this matter based on briefs submitted by both parties. First, the trial judge found that, if subparagraphs (iii) and (iv) of La. R.S. 47:301(18)(a) are read together, it is clear that subparagraph (iii) applied to state sales and use taxes levied by the State of Louisiana and not to taxes levied by political subdivisions of the State of Louisiana. The trial judge also found that subparagraph (iv) specifically refers only to "local sales and use taxes levied by political subdivisions." The trial judge noted that subparagraph (iv) does give political subdivisions the option of adopting the definition of "use" of paragraph (iii), but it is doubtful that any political subdivision would exercise such an option because it would shrink its tax base. The trial judge further held that subparagraph (iv) applied to New Holland's importation and subsequent lease of tractors and equipment to Louisiana Downs and that the City and Parish correctly applied the use tax to these transactions. Lastly, the trial judge found that La. R.S. 47:301(19)(b) did not apply to the lease transactions at issue because a tax debtor can only avail itself of the exemption of the tax exempt entity if it is, in fact, an "agent" of the entity and New Holland was not an agent for Louisiana Downs. As previously stated, the trial judge rendered judgment in favor of the defendants, City and Parish, and against the plaintiff, New Holland. New Holland now appeals.
On appeal, New Holland raises the following assignments of error:
1. The trial court erred in ruling that La. R.S. 47:301(18)(a)(iii) is not applicable to this case;
2. The trial court erred in ruling that La. R.S. 47:301(19) is inapplicable and that it applies only in cases where there is an agency relationship between the tax-exempt entity and the purported tax debtor; and
3. The trial court erred in strictly construing La. R.S. 47:301(19) against appellant, as that statute is merely a definitional (sic) provision and not an exemption.

DISCUSSION

La. R.S. 47:301(18)(a)(iii) & (iv)
New Holland insists that the City and Parish should have applied the former version of La. R.S. 47:301(18)(a)(iii) to its leases of tractors and other equipment to Louisiana Downs. The City and Parish argue that La. R.S. 47:301(18)(a)(iii) applied only to sales and use taxes levied by the state and that La. R.S. 47:301(18)(a)(iv) actually applied to sales and use taxes levied by political subdivisions of the state. We agree with the City and Parish that the trial judge correctly applied the former version of La. R.S. 47:301(18)(a)(iv) to New *866 Holland's lease of tractors and equipment to Louisiana Downs.
New Holland's argument that La. R.S. 47:301(18)(a)(iii) applied to these lease transactions is misguided. A reading of the full text of the former version of La. R.S. 47:301(18)(a)(iii) makes it clear that only the state was prohibited from imposing use taxes on the importation of tangible personal property that is subsequently leased in an arm's length transaction as tangible personal property. The City's and Parish's argument that La. R.S. 47:301(18)(a)(iii) did not apply to use taxes imposed by political subdivisions of the state is further bolstered by the massive amendments made to this statute by the legislature. In 1999, the legislature amended La. R.S. 47:301(18)(a)(iii) to gradually reduce, and then by 2002 to completely prohibit, political subdivisions from collecting use taxes on lease transactions of tangible personal property.[2] La. R.S. 47:301(18)(a)(iii) now provides:
The term "use," for purposes of sales and use taxes imposed by the state on the use for rental of automobiles which take place on or after January 1, 1991, and by political subdivisions on such use on or after July 1, 1996, and state sales and use taxes imposed on the use for lease or rental of tangible personal property other than automobiles which take place on or after July 1, 1991, shall not include the purchase, the importation, the consumption, the distribution, or the storage of tangible personal property to be leased or rented in an arm's length transaction as tangible personal property. For purposes of the imposition of the tax levied by any political subdivision of the state, for the period beginning July 1, 1999, and ending on June 30, 2000, the term "use" shall not include one-fourth of the cost price of any tangible personal property which is purchased, imported, consumed, distributed, or stored and which is to be leased or rented in an arm's length transaction in the form of tangible personal property. For the purposes of the imposition of the tax levied by any political subdivision of the state, for the period beginning July 1, 2000, and ending on June 30, 2001, the term "use" shall not include one-half of the cost price of any tangible personal property which is purchased, imported, consumed, distributed, or stored and which is to be leased or rented in an arm's length transaction in the form of tangible personal property. For the purposes of the imposition of the tax levied by any political subdivision of the state, for the period beginning July 1, 2001, and ending on June 30, 2002, the term "use" shall not include three-fourths of the cost price of any tangible personal property which is purchased, imported, consumed, distributed, or stored and which is to be leased or rented in an arm's length transaction in the form of tangible personal property. Beginning July 1, 2002, for the purposes of the imposition of the tax levied by any political subdivision of the state, the term "use" shall not include the purchase, the importation, the consumption, the distribution, or the storage of any tangible personal property which is to be leased or rented in an arm's length transaction in the form of tangible personal property. (Emphasis added).
The amendments to the statute clearly indicate that, before the changes were made, political subdivisions could definitely *867 apply use tax to lease transactions of tangible personal property.
In the case sub judice, the only way for the former version of La. R.S. 47:301(18)(a)(iii) to apply to the lease transactions at issue is if the City or the Parish had adopted in their local ordinances the specific definition of "use" in subsection (iii), as allowed by subsection (iv).[3] In examining the City and Parish ordinances, we find that neither the City nor the Parish adopted the specific definition of "use" found in La. R.S. 47:301(18)(a)(iii). Thus, the former version of La. R.S. 47:301(18)(a)(iv) unquestionably applied in the instant case.
As previously stated, the former version of La. R.S. 47:301(18)(a)(iv) provided that, for purposes of local use taxes levied by political subdivisions, the imposition of use taxes shall include the importation of tangible personal property to be leased in an arm's length transaction as tangible personal property. Subsection (iv) clearly allowed political subdivisions such as the City and Parish to apply use tax to lease transactions of tangible personal property such as tractors and equipment. We find that the City and Parish correctly applied La. R.S. 47:301(18)(a)(iv) to New Holland's importation and subsequent lease of tractors and other equipment to Louisiana Downs in arm's length transactions; and, therefore, New Holland's first assignment of error is without merit.

La. R.S. 47:301(19)(b)
New Holland also relies on La. R.S. 47:301(19)(b) to argue that the use tax should not have been applied to its lease of out-of-state tangible personal property to Louisiana Downs. New Holland contends that it is exempt from use tax because Louisiana Downs is exempt from taxation. New Holland argues that, under La. R.S. 47:301(19)(b), the legislature intended to tax the end user or ultimate consumer of leased goods, just as sales tax is imposed only on the ultimate purchaser. According to New Holland, the imposition of the use tax on the end user means that no use tax is imposed when a tax-exempt entity leases goods, rather than purchases them outright. New Holland maintains that Louisiana Downs, which is a tax exempt entity under La. R.S. 4:168, is the end user in the instant case.
The City and Parish assert that New Holland is incorrect in its interpretation of La. R.S. 47:301(19)(b) because the tax assessment is not against Louisiana Downs, it is against New Holland. Even if New Holland had purchased the tractors outright rather than imported them, the City and Parish assert that a sales tax would have been assessed. We agree.
The key phrase in La. R.S. 47:301(19)(b) is "at the time such property became subject to the taxing jurisdiction of the state." New Holland's argument of applying the use tax to the subsequent lease transaction with Louisiana Downs and not at the point when the property was first subjected to the jurisdiction of the state is New Holland's attempt to remove the taxable transaction one step to avoid the use tax. New Holland's tractors and equipment became subject to the taxing jurisdiction of the City and Parish as soon as the property came to rest in Louisiana. See City of New Orleans v. Baumer Foods, Inc., 532 So.2d 1381 (La.1988), McNamara v. D.H. Holmes Company, Ltd., 505 So.2d *868 102 (La.App. 4th Cir.1987), writ denied, 506 So.2d 1224 (La.1987). In J & B Publishing Company of Louisiana v. Secretary, Department of Revenue & Taxation, State of Louisiana, 34,105 (La.App.2d Cir.12/15/00), 775 So.2d 1148, we found that:
The use tax was intended to affect items purchased out-of-state for immediate importation and use in this state. Obviously, the purpose of the use tax is to remove the temptation to buy out-of-state to escape the payment of local sales taxes. Accordingly, if something that is purchased out-of-state would be subject to a sales tax if purchased in state, then it is subject to a use tax.
New Holland is not entitled to Louisiana Downs' tax exemption. In fact, the only way for New Holland to use Louisiana Downs' tax exemption is if New Holland were the agent for Louisiana Downs. The trial judge in the case sub judice found that New Holland was not Louisiana Downs' agent and nothing in the record indicates otherwise. In Amberg Trucking, Inc. v. Tarver, 626 So.2d 511 (La.App. 3d Cir.1993), the appellate court held that a tax debtor can only avail itself of the exemption of the tax exempt entity if it is in fact an "agent" of the entity. Moreover, exemptions from taxation are to be strictly construed against the entity claiming the exemption and the agency relationship must be clearly and affirmatively established. Cajun Electric Power Cooperative, Inc. v. McNamara, 452 So.2d 212 (La.App. 1st Cir.1984), writ denied, 458 So.2d 123 (La.1984). New Holland has not clearly and affirmatively established that it is an agent for Louisiana Downs; and, consequently, it is not entitled to use Louisiana Downs' exemption from taxation. We find that La. R.S. 47:301(19)(b) does not apply to the lease transactions in the case sub judice; and, therefore, New Holland's second and third assignments of error are without merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court against Plaintiff, New Holland North America, Inc., is affirmed. Costs of this appeal are assessed to Plaintiff, New Holland North America, Inc.
AFFIRMED.
NOTES
[1] The entire section of La. R.S. 47:301(18)(a) has since been amended.
[2] The amendments, however, do not affect the use taxes in this case because the amendments were made after the City and Parish assessment of the use taxes that are in dispute herein.
[3] Recall that La. R.S. 47:301(18)(a)(iv) gave political subdivisions the option of adopting the definition of "use" provided in La. R.S. 47:301(18)(a)(iii). In 1999, the legislature also amended La. R.S. 47:301(18)(a)(iv), removing this option and, in effect, making the adoption of the definition of "use" found in subsection (iii) mandatory for political subdivisions.