McBRIDE, Judge.
The Collector of Revenue proceeds by rule against Searcy & Pfaff, Ltd., a Louisiana corporation domiciled and doing business in New Orleans, for $1,224.67, plus interest, less certain credits, allegedly being the amount due for delinquent sales tax under Act 9 of 1948, LSA-R.S. 47:301 through LSA-R.S. 47:318, which levies a tax upon the sale at retail in Louisiana of each item or article of tangible property, and upon all sales of services as defined in the Act, at the rate of two per cent of the price, the tax to be computed on the gross price for the purpose of remitting the amount of the tax due to the State. Paragraph (14) of LSA-R.S. 47:301 provides:
“ ‘Sales of services’ means and includes the following:
******
“(d) the furnishing of printing or overprinting, lithographic, multilith, blue printing, photostating or other similar services of reproducing written or graphic matter”.
The defendant in rule is engaged in the business of printing; from January 1947 through November 1949 it printed and manufactured for and delivered to Leonard Krower & Son, Inc., in New Orleans a large number of catalogues for the gross sum of $60,322.07. Leonard Krower & Son, Inc., is likewise a Louisiana corporation having its domicile in New Orleans.
It is a stipulated fact that after Leonard Krower & Son, Inc., received delivery of the catalogues printed by defendant in rule, it distributed them gratuitously to other persons, some of whom were within Louisiana and others without the State; twenty per cent were delivered locally, that is, within Louisiana, and eighty per cent were sent to persons in other states.
Searcy & Pfaff, Ltd., paid the sales taxes due on the gross price of those cata-logues distributed by Leonard Krower & Son, Inc., within the State, but it has refused to pay the tax on the gross price of those which were sent by Leonard Krower & Son, Inc., into the other states. The sole *205 defense is that no tax is due on the eighty per cent of the catalogues as they were manufactured by defendant in rule for "immediate export” and “in contemplation of and dependent upon a movement of goods in interstate commerce.”
Searcy & Pfaff, Ltd., has appealed from an adverse judgment.
The defendant in rule relies upon LSA-R.S. 47:305, which provides:
“It is not the intention of this Chapter to levy a tax upon articles of tangible personal property imported into this state, or produced or manufactured in this state, for export; nor is it the intention of this Chapter to levy a tax on bona fide interstate commerce. * * * ”
To support his theory that a movement of goods in interstate commerce was involved, counsel for Searcy and Pfaff, Ltd., placed in evidence certain extracts from a bulletin issued by the Collector of Revenue, which gives some examples of nontaxable transactions and counsel points to that particular one which reads:
“A woman enters a store in Alexandria, Louisiana, and explains to the clerk that she is a resident of Jackson, Mississippi, and will purchase a set of chinaware, providing the store will ship it to her home in Jackson, Mississippi. After the clerk has agreed to such delivery, or shipment to Jackson, the customer selects the chinaware and pays for same. The chinaware is then shipped to Jackson, Mississippi. Not Taxable. Reason, the entire transaction is made in contemplation of and dependent on a movement of goods in interstate commerce and there is an actual transfer of the subject matter across the State line from Louisiana into Mississippi.”
Another example is:
“A man enters a store in Shreveport, Louisiana, and there purchases an article on the condition that the store will send the article to a desig-ated resident of Arkansas. Not taxable. The entire transaction has been made to depend on an interstate movement of the goods sold.”
We do not think that the Legislature meant to exclude from the effect of the sales tax law such a transaction as occurred between Searcy & Pfaff, Ltd., and Leonard Krower & Son, Inc., nor do we think that the Collector’s examples are factually similar to the case before us.
The tax is an assessment upon the amount of retail sales, or, in other words, upon the transaction itself and not the property. The Act eliminates from the effect of the levy “a tax on bona fide interstate commerce”, which was proper for the Legislature undoubtedly realized that if the levy ever was intended to be applied in cases of interstate commerce a serious question of the constitutionality of the Act might arise in that regard. But by no stretch of logic or reasoning is the sales and service transaction between the two local corporations to be viewed in the light of one in interstate commerce. The catalogues were manufactured in New Orleans and delivered there for whatever disposition Leonard Krower & Son, Inc., desired to make thereof, and once the cata-logues were delivered Searcy and Pfaff, Ltd., was without interest or concern as to what Leonard Krower & Son, Inc., would do with them. The transaction was then completed and the amount of the sale became subject to the tax, and the coincidence that the purchaser subsequently saw fit to send some of the property beyond the boundaries of Louisiana does not interfere with the right of the State to recover the amount of the taxes due. The taxable incidence was not the transfer of title by Leonard Krower & Son, Inc., to the third persons, for that was another transaction separate from and unrelated to the original transaction between Searcy & Pfaff, Ltd., and Leonard Krower & Son, Inc.
Therefore, the judgment appealed from is affirmed.
Affirmed.