96 So.2d 713

Aleck **TRESTMAN, Trading as Trestman's Ready to Wear,**

v.

**COLLECTOR OF REVENUE.**

No. 42781.

June 28, 1957.

Herman & Herman, Abraham I. Kleinfeldt, Sam Monk Zelden, New Orleans, for plaintiff-appellant.

Robert L. Roland, Levi A. Himes, Chapman L. Sanford, Baton Rouge, for defendant-appellee.

PONDER, Justice.

Plaintiff appeals from a judgment of the district court affirming a ruling of the Board of Tax Appeals of the State of Louisiana confirming a deficiency assessment of sales taxes levied against the plaintiff by the Collector of Revenue.

The Collector of Revenue notified plaintiff of a deficiency assessment for the period of January 1, 1949 through August 31, 1952. Some 151 days after notification the plaintiff appealed to the Board of Tax Appeals on the ground that the State has no right to assess any tax or impede to any ex-

tent foreign commerce; that the bulk of sales were in fact wholesale sales made to seamen and ships for foreign commerce and shipped to other countries and hence plaintiff challenged the correctness and validity of the tax. To plaintiff's petition the Collector excepted on the ground that the appeal had been taken more than 60 days after the notice of the assessment. This exception was referred to the merits by the board. After hearing the board dismissed plaintiff's petition and ordered him to pay the amount of taxes levied in the assessment, notice of which was mailed to plaintiff on October 23, 1953. No mention was made of the exception filed by the Collector to the jurisdiction of the Board. The plaintiff appealed to the district court and the Collector again urged the exception to the jurisdiction. Upon hearing the district court affirmed the ruling of the Board with no mention of the exception and the plaintiff appealed to this court. The Collector again contends that the Board was without jurisdiction to hear the appeal of plaintiff.

The plaintiff owns a ready-to-wear business in the City of New Orleans and holds both a retail and wholesale license. Plaintiff contends that 75% of his business has been wholesale sales—most of which involved foreign and interstate commerce—and that the Collector of Revenue has wrongfully and illegally based the assessment on the gross sales and thus construed all sales as taxable retail sales in violation of law.

Plaintiff contends that the Louisiana Sales Tax Law, LSA–R.S. 47:301 et seq., does not authorize or levy a sales tax on wholesale sales, or sales in foreign or interstate commerce, or sales of merchandise to be consumed outside of the State of Louisiana and that the judgment of the Board of Tax Appeals is repugnant to and violative of the foreign commerce clause of the United States Constitution (Article 1, Section 8, Clause 3) and of the Constitution of the State of Louisiana. Plaintiff pleads the unconstitutionality of the taxes and the assessment.

As to the exception to the jurisdiction filed by the Collector of Revenue it is without merit. It is conceded that the appeal was filed some 151 days after notification but it was held in the case of State ex rel. United Seamen's Service v. City of New Orleans, 209 La. 797, 25 So.2d 596 that the right to sue to annul an assessment is not governed by the time limit in the statute, that limit merely applies to suits to reduce the amount of an assessment or redetermine the assessment.

On the question of whether or not the assessment was valid, the plaintiff testified that 75% of his business was allegedly wholesale, yet he admitted that he paid no tax at all not even on the retail sales. He admitted that he owed $2,000 of the $8,699 claimed. He stated that he did not collect

tax on the retail sales during the years for which the deficiency assessment was made.

The State contends that all sales were made to individuals who were not in the retail business and held no license for such; that title to the articles passed in Louisiana and hence the tax was due. The State challenges the contention that the sales were wholesale.

The only explanation that plaintiff gives of the sales to characterize them as wholesale sales is that they were made to seamen and ships. This is no criterion as to the character of the sales and in the absence of proof they must be presumed to be retail sales and subject to taxation.

LSA–R.S. 47:301(10) defines retail sale or sale at retail as "a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided that sales for resale must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax." Under the rules and regulations of the Collector (Article 2–38) the seller must obtain from the buyer a resale certificate signed by and bearing the name, address and registration number of the buyer otherwise the sale will be considered a retail sale. No such procedure was followed herein.

In support of their contention that title passed in Louisiana, regardless of the fact that some of the articles were destined to leave the country, and the tax was due, the State cites and relies upon the case of Fontenot v. Searcy & Pfaff, Ltd., La.App., 78 So.2d 204, 205 wherein the court said: "* * * the coincidence that the purchaser subsequently saw fit to send some of the property beyond the boundaries of Louisiana does not interfere with the right of the State to recover the amount of the taxes due." As the court pointed out the taxable incidence was delivery in Louisiana.

So here the sale was complete in New Orleans, the price, the object and the consent being agreed to, and delivery took place in New Orleans, hence that was the taxable incidence and the mere fact that subsequently some of the property would be sent elsewhere is of no moment. Therefore, it must be concluded that the sales in question were retail sales subject to the tax and were not sales in interstate commerce.

For the reasons assigned the judgment of the district court is affirmed at appellant's cost.

McCALEB, Justice (concurring).

While I am in full accord with the majority opinion on the merits of the case, I believe that the exception to the jurisdiction

of the Board of Tax Appeals, which was filed by the Collector of Revenue, is well founded and should have been sustained. The Board had jurisdiction for a redetermination of the deficiency assessment made herein, provided an appeal was taken within sixty calendar days by the taxpayer. R.S. 47:1431 and R.S. 47:1565. After that time, the assessment became final and was collectible by distraint and sale.

The case of State ex rel. United Seamen's Service v. City of New Orleans, 209 La. 797, 25 So.2d 596 is not applicable here. That was a mandamus proceeding to cancel a tax assessment, the claim being that the property was exempt from taxation under the Constitution, and the court held that the Legislature was without authority to place a time limit on the right to sue to annul such an assessment. The instant case is distinguishable in that appellant did not file an action in court to annul the assessment but attempted to have the assessment reviewed by the Board of Tax Appeals after the sixty-day limitation had expired. At that time, the Board of Tax Appeals was without jurisdiction of the case.

Furthermore, although appellant attacked the constitutionality of a portion of the assessment, he admitted that he owed $2,000 of the $8,799 claimed. Thus, he was actually seeking a redetermination of the assessment. Not having claimed that the entire assessment was null, he was required by law to appeal to the Board of Tax Appeals but that administrative body had lost jurisdiction at the time the petition was filed.

I respectfully concur.