CRAIN, Judge.
Farmer’s Export Company, a farmer-owned cooperative, is a foreign corporation doing business in the State of Louisiana. Farmer’s Export owns and operates an export grain elevator which is located in St. Charles Parish. Sales taxes in the amount of $34,898.60 plus interest and penalties were assessed against Farmer’s Export by the Department of Revenue and Taxation for the State of Louisiana (state) for the period of January 1,1980, to June 30,1983.
FACTS
On November 16,1983, Farmer’s Export, the owner of both the movable and immovable property, filed a declaration pursuant *630 to La.C.C. art. 467 declaring numerous items it had purchased during the time period of 1980 to 1983 to be immovable by declaration. The declaration consisted of a ten page affidavit listing at least 200 items which it had purchased and placed on the immovable property for its service and improvement. Most of the items listed were the same items which were assessed for sales taxes. Farmer’s Export then contested the assessment, contending that the sales transactions giving rise to the assessment involved the sale of property which is classified as immovable (by declaration) under Louisiana property law, not tangible personal property subject to sales tax as alleged by the state.
The Board of Tax Appeals ruled in favor of the state. Farmer’s Export sought judicial review of the ruling in the Nineteenth Judicial District Court, which reversed the ruling of the Board of Tax Appeals and rendered judgment in favor of Farmer’s Export. From this judgment the state appeals. The sole issue on appeal is whether the sales tax applies to movable property which was allegedly immobilized by declaration subsequent to its sale.
IMPOSITION OF SALES TAX ON PROPERTY IMMOBILIZED AFTER SALE
The state imposes a tax on the retail sale of tangible personal property. La.R.S. 47:302 A. “ ‘Retail sale’ ... means a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property....” La.R.S. 47:301(10). “ ‘Sale’ means any transfer of title or possession, or both, exchange, barter, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property, for a consideration.” La.R.S. 47:301(12). In seeking to clarify the meaning of the term “tangible personal property” as used in La.R.S. 47:301 et seq., this court stated that “the legislature intended that Louisiana property law be applied to give explanation to Louisiana tax law” and determined that “tangible personal property” as used in tax law is synonymous with “corporeal movable property.” Exxon Corp. v. Traigle, 353 So.2d 314, 317 (La.App. 1st Cir.1977), writ denied, 354 So.2d 1385 (La.1978). Since the sales tax applies to corporeal movables, not immovables, the classification of property as immovable removes it from the state sales tax, whether the property is classified under the former law[1] as immovable by nature under La.C.C. art. 467 (1870), or immovable by destination under La.C.C. arts. 468 and 469 (1870), or is classified under the present law as immovable by declaration under La.C.C. art. 467. See McNamara v. Electrode Corp., 418 So.2d 652 (La.App. 1st Cir.), writ denied, 420 So.2d 986 (La.1982).
Under La.R.S. 47:301 et seq., the taxable transaction is completion of the retail sale to Farmer’s Export. Once price, object, and consent coincide, the sale is complete. La.C.C. art. 2456. Accordingly, the question is how the property is classified at the time of the sale. If the items were immobilized by declaration under La. C.C. art. 467 at the time of sale they are not subject to the sales tax.
Under the former law, certain movables which preserved their identity yet were closely associated with a building or tract of land were classified as immovables (by destination).
The fiction of immobilization by destination rested on policy considerations. It was expedient that, for certain purposes, certain movables should be regarded as a part of an immovable, forming with it an economic unit. If care was not taken in this or some other way certain things closely associated with an immovable would be regarded as movables and would not follow the immovable in case of seizure, transfer, partition, or encumbrance, contrary to considerations of economic utility.
*631 A. Yiannopoulos, Property § 78, at 235-236, in 2 Louisiana Civil Law Treatise (2d ed. 1980).
La.R.S. 9:1104,[2] repealed by 1978 La. Acts, No. 728, § 3, a source provision of La.C.C. art. 467, provided that “[f]or purposes of mortgage and sale” an owner could immobilize machinery and appliances owned and used by him in a manufacturing or industrial establishment. Thus, the legislature sought to allow immobilization of certain movables for the policy considerations discussed above.
La.C.C. art. 467 provides:
The owner of an immovable may declare that machinery, appliances, and equipment owned by him and placed on the immovable, other than his private residence, for its service and improvement are deemed to be its component parts. The declaration shall be filed for registry in the conveyance records of the parish in which the immovable is located, (emphasis ours).
Article 467 is based in part on the first paragraph of former La.C.C. art. 468 (1870).[3] La.C.C. art. 467, comment (a). The requirements for immobilization under the first paragraph of La.C.C. art. 468 (1870) and La.C.C. art. 467 are the same: unity of ownership of the movable and immovable; and the placement of the movable on the immovable for the service and improvement of the immovable. La.C.C. art. 467, comment (b). La.C.C. art. 468 (1870) provided in pertinent part: “Things which the owner of a tract of land has placed upon it for its service and improvement are immovable by destination. Thus the following things are immovable by destination when they have been placed by the owner for the service and improvement of a tract of land_” (emphasis ours). From a reading of La.C.C. art. 468 (1870) it is implicit that the movable property retained its classification as a movable until its placement on the immovable. Under La.C.C. art. 467 it is apparent that the property maintains its status as a movable until its placement on the immovable and the filing of the declaration.
After reviewing the record, we conclude that the property was corporeal movable at the time of the sale. The fact that it may have been immobilized subsequent to the sale is of no moment. See Trestman v. Collector of Revenue, 233 La. 437, 96 So.2d 713 (1957). Accordingly, the judg *632 ment of the district court is reversed and the judgment of the Board of Tax Appeals is reinstated. Costs are assessed against Farmer’s Export.
REVERSED AND RENDERED.

. Title I of Book II of the Louisiana Civil Code of 1870, which previously consisted of Articles 448 to 487, was revised, amended, and reenacted by 1978 La. Acts, No. 728, § 1, to consist of Articles 448 to 476.

. Former La.R.S. 9:1104, provided:
For purposes of mortgage and sale, the owner may establish, in the following manner, as being immovable by destination the machinery and appliances owned by him and used in a manufacturing or industrial establishment located on his land. He shall file in the offices of the register of conveyances and of the recorder of mortgages of the parish in which the land is located a declaration that the land and the machinery and appliances (referring to the same in general terms and not necessarily by detailed inventory) are to be considered and dealt with as a whole and that the machinery and appliances are to be considered as part of the land. When this is done, all such machinery and appliances and all renewals thereof and additions thereto shall be considered immovable by destination.
As used in this Section, "manufacturing or industrial establishment" includes mills, factories, manufactories, chemical works, foundries, machine shops, repair shops, distilleries, and establishments for printing, publishing, book-binding, or wood-working, or for making, manufacturing, or compounding any article or substance used in trade or commerce; and "machinery and appliances” includes boilers, engines, motors, shafting, wiring, fixtures, machines, presses, type, tools, rollers, filters, mixers, retorts, devices, apparatus, and appurtenances of every kind and character used in such establishments.

. La.C.C. art. 468 (1870) provided as follows:
Things which the owner of a tract of land has placed upon it for its service and improvement are immovable by destination.
Thus the following things are immovable by destination when they have been placed by the owner for the service and improvement of a tract of land, to wit:
Cattle intended for cultivation.
Implements of husbandry.
Seeds, plants, fodder, and manure.
Pigeons in a pigeon house.
Beehives.
Mills, kettles, alembics, vats, and other machinery made use of in carrying on the plantation works.
The utensils necessary for working cotton, and sawmills, taffia distilleries, sugar refineries and other manufactures.
All such movables as the owner has attached permanently to the tenement or to the building, are likewise immovable by destination.